In re WINDMILL FARMS, INC., a California corporation, Debtor.

BAP No. SC 85–1462 MoAsE.
Bankruptcy No. 84–515LM–7.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted on Sept. 24, 1986.
Decided Feb. 10, 1987.

Eric V. Benham, Sullivan, Delafield, Mc-
Donald & Middendord, San Diego, Cal., for
appellant.

William M. Rathbone, Weeks, Willis,
Rathbone & Johnson, San Diego, Cal., for
appellee.

Before MOOREMAN, ASHLAND and
ELLIOTT, Bankruptcy Judges.

MOOREMAN, Bankruptcy Judge:

Appellant, Vanderpark Properties, Inc.,
lessor of non-residential real estate to the
debtor, appeals from an order of the bank-
ruptcy court allowing the debtor to assume
a lease with appellant upon the cure of all
defaults. The lease has subsequently been
sold free and clear of all liens and interests
for $106,000 with Vanderpark's interest at-
taching to the proceeds of the sale. Van-
derpark contends that the court erred by
allowing the debtor to assume the lease

because the assumption was not timely pursuant to 11 U.S.C. Section 365(d)(4).

FACTS

The lease in question herein was formed in July 1975 between Vanderpark, as lessor, and Mini Super, Inc., lessee, concerning property located in San Diego, California. The lease was to continue until May 29, 1986, and contained a ten-year option provision, which required execution no later than September 29, 1985. Vanderpark subsequently approved two assignments of the lease, first from Mini Super to Windmill Farms, a general partnership, and then from Windmill Farms to Windmill Farms, Inc., ("WFI").

The stock of WFI was owned by Windmill Farms Management Co., ("WFMC"), and WFI acted as the general partner of Windmill Farms, Ltd. No. 1, ("WFL # 1"). As WFMC acted as general partner for various other Windmill Farms limited partnerships, it controlled the accounting and payments for all of the various entities, including WFI. Therefore, during the term of the lease, Vanderpark received checks for the monthly lease obligations from WFMC, rather than WFI.

On February 27, 1985, an involuntary proceeding was brought against WFMC. The case was subsequently converted to a Chapter 11 and a permanent trustee was appointed. Vanderpark did not receive its February lease payment. On February 15, 1985, Vanderpark served a "notice to pay rent or quit" requesting the amount owing for rent and taxes. In March, Vanderpark brought an unlawful detainer action, naming the defendant as Windmill Farms, a partnership. The complaint was later amended in May to add WFI, WFMC and WFL # 1 as defendants, and was served upon counsel, who accepted service on behalf of all defendants.

The trustee in the WFMC bankruptcy discovered the fact that an action had been brought against WFMC and informed counsel for appellant of the automatic stay imposed pursuant to the bankruptcy. After making an investigation of the lease and the various Windmill organizations, the trustee came to the conclusion that the lease was the property of WFL # 1. A Chapter 7 petition was then filed on behalf of WFL # 1, with the trustee bringing a motion in the WFMC action to consolidate the related cases as well as an application to assume the lease. Vanderpark did not oppose the consolidation of the cases. It did, however, challenge the assumption of the lease, claiming that it was the property of WFI.

The bankruptcy court consolidated the cases and held a hearing on the issue of ownership of the lease on September 27, 1985. At that hearing, the court found that the lease was the property of WFI, who was not a party to the bankruptcy proceedings. The court also indicated that even though there were a number of related entities, no evidence was presented to prove that WFI was the alter ego of any of the entities before it. On the basis of this ruling, the court denied the motion to assume the lease, as it was not property of an estate.

After this hearing, the trustee tendered a blank check to counsel for Vanderpark, attempting to exercise the option. On September 30, 1985, the trustee caused a Chapter 7 petition to be filed on behalf of WFI and simultaneously brought motions to consolidate, to appoint himself as trustee and to assume the lease. He also sought to shorten the time to assign the lease free and clear of interest and liens. A hearing was held on the matter the same day, wherein the bankruptcy court granted the various motions, including assumption of the lease. The trustee subsequently sought permission to sell and assign the lease free and clear of interest and liens, and on October 21, 1985, the motion was granted and the lease sold for $106,000.00.

Vanderpark appeals only from the order allowing assumption of the lease. It argues that the sixty-day time period to assume or reject the lease, pursuant to 11 U.S.C. Section 365(d)(4) ran from the order of relief in the first Windmill bankruptcy, April 10, 1985, rather than September 30, 1985, the filing of the WFI petition. It

further contends that the lease was terminated prior to the bankruptcy under California law, thereby precluding assumption of the lease by the trustee.

## ISSUES PRESENTED ON APPEAL

The two issues presented to the Panel for review are as follows:

1) Was the assumption of the lease by the debtor timely?

2) Was the lease terminated by the landlord's filing of a state court unlawful detainer action before the bankruptcy case was filed?

We hold the assumption to be timely, that the lease was not terminated by the filing of the unlawful detainer action, and affirm.

## STANDARD OF REVIEW

■ In reviewing the decisions by the bankruptcy court, this Court will overturn findings of fact only upon a showing that they are clearly erroneous, Bankruptcy Rule 8013, while conclusions of law will be reviewed *de novo*. *See In re Mistura, Inc.*, 705 F.2d 1496, 1497 (9th Cir.1983); *In re Ellsworth*, 722 F.2d 1448 (9th Cir.1984).

## DISCUSSION

■ Pursuant to 11 U.S.C. Section 365(d)(4):

[I]f the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order of relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

There is no dispute that by bringing the motion to assume on the same day as the petition, the trustee in WFI timely complied with Section 365(d)(4). Notwithstanding the above, appellant argues that based upon the fact that all of the various Wind-

mill entities were basically alter egos of each other, the sixty-day period for assumption/rejection of the lease ran from the first petition, filed on April 10, 1985, thereby precluding assumption. Such a contention is unpersuasive.

■ First, in consideration of this argument in the WFMC proceedings prior to WFI's consolidation, the bankruptcy court found that there was no evidence before the court regarding the various Windmill entities which would support such a conclusion. A review of the record presented to this Court indicates that the conclusion of the bankruptcy court is not clearly erroneous. Appellant has failed to provide any evidence that WFI is the alter ego of WFMC, sufficient to disregard the separate identities of the entities. *See Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105 (9th Cir.1979); *Swanson v. Levy*, 509 F.2d 859 (9th Cir.1975). The mere fact of consolidation does not support a finding to the contrary.

Accordingly, Vanderpark has failed to set forth a sufficient basis to find that the bankruptcy court's decision to allow the assumption of the lease in question was clearly erroneous. Further, an independent review of the record before this Court supports this result as well.

■ Vanderpark next contends that the trustee could not assume the lease in question as the lease had been terminated prior to the filing of the WFI bankruptcy petition [1] based upon the filing of its unlawful detainer action, citing *Matter of Escondido West Travelodge*, 52 B.R. 376 (Bankr.S.D. Cal.1985).

■ In *Escondido*, the district judge, on an appeal from a decision of the bankruptcy court, held that under California law a lease was terminated when the landlord filed his action for unlawful detainer in the state court. The district judge was acting as an intermediate appellate department

---

1. This argument is raised for the first time in the appellant's brief and was not presented to the bankruptcy court. Nevertheless, as this contention is determinative of the outcome of the appeal, this Court is not precluded from reaching the merits of the issue. *See Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1379–80 (9th Cir.1985).

(between the bankruptcy court and the Circuit Court of Appeals) and his decision on that issue is binding on the bankruptcy judges in the Southern District of California.

■ The Bankruptcy Appellate Panel, which was established by the Judicial Council of this Circuit under the authority of 28 U.S.C. Section 158(b), is also an intermediate appellate body between the bankruptcy court and the Circuit Court of Appeals. In its Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit, the Judicial Council provided that the Panel may hear and determine appeals from all districts within the Ninth Circuit which have authorized use of the BAP pursuant to 28 U.S.C. Section 158(b)(2). All of the districts within the Ninth Circuit have authorized review by the BAP.

One of the reasons for establishing the BAP was to provide a uniform and consistent body of bankruptcy law throughout the entire Circuit. In order to achieve this desired uniformity, the decisions of the Bankruptcy Appellate Panel must be binding on all of the bankruptcy courts from which review may be sought, i.e. each district in the Ninth Circuit. Any decisions to the contrary, *see e.g. In re Crook,* 62 B.R. 937, 941 n. 2 (Bankr.D.Ore.1986), and *In re Kao,* 52 B.R. 452, 453 (Bankr.D.Ore.1985) (both stating that BAP decisions are only controlling in the district from which the appeal emanates), are in error.

■ We are not bound by the decision in *Escondido West Travelodge* but pay great deference to decisions of the district court and as a matter of comity, we should follow such decisions when possible. However, we respectfully decline to follow that decision for the following reasons:

■ 1) First, the holding in *Escondido West Travelodge* that the filing of an unlawful detainer action terminates a lease is merely dictum. In that case, the landlord had obtained a judgment in his unlawful detainer action, thereby terminating the lease pursuant to the requirements of C.C.

Section 1951.2(a) prior to the filing of the bankruptcy petition. *See id.,* at p. 380 n. 8. Accordingly, there was no need to hold that the lease retroactively terminated at the time of the filing of the unlawful detainer action.

■ 2) Second, as set forth below, the applicable California statutes concerning termination of leases do not support the result in that decision.

Termination of a lease is governed by C.C. Section 1951.2, which provides in part:

\* \* \* \* \* \*

(a) Except as otherwise provided in Section 1951.4, if a lessee of real property breaches the lease and abandons the property before the end of the term or if his right to possession is terminated by the lessor because of a breach of the lease, the lease terminates.

As there are no allegations of abandonment in the present case, the landlord must have terminated the right to possession of the tenant due to a breach of the lease agreement in order to terminate the lease prior to the filing of the bankruptcy petition. Notwithstanding the above, the legislative committee comments provide that "[n]othing in section 1951.2 affects the rules of law that determine when the lessor may terminate the lessee's right to possession." C.C.P. Section 1174(a) discusses the means by which termination of the tenant's possession of the leased premises may be obtained and states as follows:

If upon the trial, the verdict of the jury, or, if the case be tried without a jury, the findings of the court be in favor of the plaintiff and against the defendant, judgment shall be entered for the possession of the premises; and if the proceedings be for an unlawful detainer after neglect, or failure to perform the conditions or covenants of the lease or agreement under which the property is held, or after default in the payment of rent, the judgment shall also declare the forfeiture of such lease or agreement\* \* \*.

Based upon the above provision, the landlord is entitled to possession upon a favorable judgment in an unlawful detainer action. Until the time of such judgment, the landlord has not terminated the right of possession or the lease due to the fact that one of the elements which the landlord must prove in order to be successful in his unlawful detainer action is that the tenant has continued in possession of the property after a breach or default of the lease provisions has occurred. *See* C.C.P. Section 1161(2), which sets forth the elements of an unlawful detainer action where a tenant maintains possession after a default in the payment of rent.

Such a conclusion is further supported by C.C.P. Section 1174(c), which provides that under certain circumstances a tenant has five days after an unlawful detainer judgment to pay into the court the amount of the judgment and avoid termination of the lease. If termination were deemed to have occurred at the time of the filing of the unlawful detainer action, this provision would become superfluous, a result clearly not intended by the California legislature in enacting this statute.

Accordingly, the holding in *Matter of Escondido West Travelodge* is inconsistent with the applicable California statutes and the Panel chooses not to follow the decision.

It should also be noted that the concern raised in *Escondido West Travelodge* regarding the need for a quick determination of the lease termination issue is not altered by this result. In that decision, a lease was deemed terminated upon the filing of the unlawful detainer action. However, the decision of whether the lease was properly terminated remained, requiring the completion of the unlawful detainer action by the state court or consideration of the issue by the bankruptcy court. *See id.*, 52 B.R. at 382. Only upon a judgment in favor of the landlord by one of these courts would the lease be deemed terminated. Accordingly, a determination of the ultimate issue would not be achieved any sooner under the *Escondido West Travelodge* approach.

In light of this Court's interpretation of the relevant California statutes, the lease in question was subject to assumption by WFI. There is no evidence in the record indicating that Vanderpark has terminated the right of possession held by WFI prior to the filing of the bankruptcy petition. Therefore, the lease had not been terminated pursuant to C.C. Section 1951.2(a) and the bankruptcy court properly allowed its assumption.

Based upon the above disposition, the order of the bankruptcy court is AFFIRMED.