**BANK OF MAUI, National Association, Plaintiff–Appellant,**

v.

**ESTATE ANALYSIS, INC., dba Zales Insurance; William Z. Zales; T. Sue Zales; Western United Life Assurance Co.; Transamerica Insurance Group; Transamerica Insurance Company; Transamerica Premiere Insurance Company; Triad Insurance Agency, Inc., Defendants–Appellees.**

No. 88–15430.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 27, 1989 *.

Memorandum Dec. 4, 1989.

Order and Opinion May 24, 1990.

Edward F. Mason, Wailuku, Hawaii, for plaintiff-appellant.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Andrew V. Beaman, Chun, Kerr, Dodd & Kaneshige, Honolulu, Hawaii, for defendants-appellees.

Before ALARCON, O'SCANNLAIN and LEAVY, Circuit Judges.

## ORDER

The memorandum disposition previously filed in this matter on December 4, 1989, 891 F.2d 294, is hereby withdrawn.

The attached opinion is submitted in its stead and constitutes the opinion of this court.

## OPINION

LEAVY, Circuit Judge:

The Bank of Maui ("Bank") appeals from the district court's order affirming the bankruptcy court's award of sanctions under Bankruptcy Rule 9011[1] to Transamerica Insurance Group ("Transamerica") and Estate Analysis, Inc. on the ground the Bank's complaint was unwarranted under existing law, legally erroneous, and frivolous. We reverse the award of sanctions.

## DISCUSSION

The issue raised is whether the Bank's argument that it had standing to sue another creditor to set aside a fraudulent transfer is warranted under existing law or is susceptible to a good faith argument for the extension, modification, or reversal of existing law. The Bank relied on *Matter of Marin Aviation, Inc.*, 53 B.R. 497 (B.C.N.J.1984), in support of its position that it had standing to bring the present action.

The district court held that in light of *In re Curry and Sorensen, Inc.*, 57 B.R. 824 (9th Cir. BAP 1986) and *In re Enserv Co.*, 64 B.R. 519 (9th Cir. BAP 1986), *aff'd mem.*, 813 F.2d 1230 (9th Cir.1987), the Bank's complaint was clearly not warranted under existing law. It concluded that the plaintiff's reading of the pertinent Ninth Circuit bankruptcy appellate panel (BAP) controlling authority was insensible and indefensible, and that it was legally unreasonable for the plaintiff to have expected the bankruptcy court to adopt the decision of the New Jersey Bankruptcy Court in the face of clearly contrary Ninth Circuit BAP authority.

While the standing issue has been decided by a bankruptcy appellate panel, it has not been authoritatively decided by this court[2] nor had it been decided in the District of Hawaii. *In re Curry* and *In re Enserv* arose respectively from the bankruptcy court for the Central and Northern Districts of California.

Title 28, United States Code, § 158 provides in part:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

(b)(1) The judicial council of a circuit may establish a bankruptcy appellate panel, comprised of bankruptcy judges from districts within the circuit, to hear and determine, upon the consent of all the parties, appeals under subsection (a) of this section.

(2) No appeal may be referred to a panel under this subsection unless the district judges for the district, by majori-

[1]. Bankruptcy Rule 9011 is the equivalent of Fed.R.Civ.P. 11. Both provide that the district court may award appropriate sanctions if the cause of action is not warranted under fact or law.

[2]. Ninth Circuit Rule 36-3 states that a memorandum disposition, such as our affirmance in *In re Enserv Co.*, is not "precedent and shall not be cited to or by this Court or any district court of the Ninth Circuit, ... except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel."

ty vote, authorize such referral of appeals originating within the district.

Whether a BAP decision is controlling authority for the circuit as a whole has not been decided by this court. The issue was decided in the affirmative by a bankruptcy appellate panel in the case of *In re Windmill Farms, Inc.,* 70 B.R. 618, 621 (9th Cir. BAP 1987), *rev'd on other grounds,* 841 F.2d 1467 (9th Cir.1988). Several other courts have held otherwise. *See In re Junes,* 76 B.R. 795, 797 (Bankr.D.Or.1987), *aff'd on other grounds,* 99 B.R. 978 (9th Cir. BAP 1989); *In re Kao,* 52 B.R. 452, 453 (Bankr.D.Or.1985).

In *Windmill Farms,* the bankruptcy appellate panel explained that the

> BAP was [designed] to provide a uniform and consistent body of bankruptcy law throughout the entire circuit. In order to achieve this desired uniformity, the decisions of the Bankruptcy Appellate Panel must be binding on all of the bankruptcy courts from which review may be sought, *i.e.,* each district in the Ninth Circuit.

*Windmill Farms,* 70 B.R. at 621.

■ On the other hand, it must be conceded that BAP decisions cannot bind the district courts themselves. As article III courts, the district courts must always be free to decline to follow BAP decisions and to formulate their own rules within their jurisdiction. We need not and do not decide the authoritative effect of a BAP decision because, for the purposes of Bankruptcy Rule 9011, its binding effect is so uncertain that it cannot be the basis for sanctioning a party for seeking a contrary result in a district where the underlying issue has never been resolved. Accordingly, the Bank's reliance on *Marin Aviation* was not clearly frivolous and unreasonable.

While *Marin Aviation* is a minority viewpoint, it is clear authority for the Bank's position under the facts of this case. The fact that it failed to persuade the bankruptcy or district court on the merits is not demonstrative of the Bank's lack of good faith in attempting to advance the law. An award of sanctions under Rule 9011 is an exceptional remedy and "must not be turned into a bar to legal process." *Operating Eng'rs Pension Trust v. A–C Co.,* 859 F.2d 1336, 1344 (9th Cir.1988). Accordingly, we vacate the award of sanctions.

REVERSED.

O'SCANNLAIN, Circuit Judge, specially concurring:

I concur in the opinion of the court, but write separately to propose that the Judicial Council of this Circuit consider adoption of an order requiring that Bankruptcy Appellate Panel (BAP) decisions shall bind all of the bankruptcy courts of the circuit, subject to the restrictions imposed by article III so well discussed in the opinion.

The Judicial Council of this Circuit established BAP under the authority of 28 U.S.C. § 158(b)(1). In an Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit dated May 3, 1985, our Judicial Council outlined BAP's power and functions. This Amended Order provides that BAP may hear and determine appeals from all districts within the Ninth Circuit which have authorized use of the BAP pursuant to 28 U.S.C. § 158(b)(2).[1] The Amended Order does not describe, however, the binding effect of a BAP decision.

Making BAP decisions binding on all bankruptcy courts in the circuit would permit BAP to develop a uniform body of law. *See Windmill Farms,* 70 B.R. at 622. BAP was originally conceived with this goal in mind. *See id.* To the extent that BAP decisions are not binding beyond the matter at hand, it is restricted from reaching the goal which was the impetus for its creation. I am inclined to the belief that most district courts and bankruptcy courts would welcome BAP's guidance on frontier bankruptcy issues and therefore might well favor such a proposal.

---

1. All of the districts within the Ninth Circuit have authorized review by the BAP. *In re Windmill Farms,* 70 B.R. 618, 622 (9th Cir. BAP 1987), *rev'd on other grounds,* 841 F.2d 1467 (9th Cir.1988).