In re Reinhard R. BERGEL, Debtor.

RESEARCH GROUP 80–21, a California Limited Partnership, Appellant,

v.

John T. KENDALL, Chapter 7 Trustee, Appellee.

BAP No. NC–94–2020–RHV.

Bankruptcy No. 93–46450–NK.

Adv. No. 94–4119–AN.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 18, 1995.

Decided July 27, 1995.

William F. Burns, Pleasanton, CA, for appellant.

Leonardo D. Drubach, Reidun Stromsheim, San Francisco, CA, for appellee.

Before RUSSELL, HAGAN and VOLINN, Bankruptcy Judges.

*OPINION*

RUSSELL, Bankruptcy Judge:

This appeal arises from the granting of a motion for summary judgment in favor of the chapter 7[1] trustee based upon a finding that an abstract of judgment which was recorded 91 days prior to the debtor's bankruptcy was actually within the 90 day statutory preference period due to an enlargement of that period by Rule 9006(a). The judgment creditor appeals. We REVERSE and REMAND.

I. FACTS

On April 4, 1986, the debtor, Reinhard R. Bergel ("Bergel") and the appellant, Research Group 80–21 ("RG 80–21") entered into a written, long term lease of commercial real property located at 1119 Mitzi Drive, Calistoga, California. Bergel used the property for his businesses, The Castro Valley Industrial Back School and The Castro Valley Sports and Fitness Center.

In the spring of 1993, RG 80–21 filed an unlawful detainer complaint in state court against Bergel. A stipulated judgment was agreed to, which required Bergel to make specific payments to RG 80–21 ("first judgment"). The first judgment was entered on August 1, 1990. Bergel's failure to make the required payments resulted in a default judgment being entered against him for $231,540.43 ("second judgment"). The second judgment was entered on May 17, 1993.

An abstract of judgment ("abstract") was issued by the state court on June 8, 1993. RG 80–21 recorded the abstract over the next two weeks in the following counties:

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

| County | Date Recorded | Instrument No. |
|---|---|---|
| Contra Costa | June 10, 1993 | 93 153499 |
| Napa | June 11, 1993 | 1993 018483 |
| Alameda | June 17, 1993 | 93215617 |
| Lake | June 22, 1993 | 93–012202 |

On September 10, 1993, Bergel filed his chapter 7 petition. The appellee, John T. Kendall ("Kendall") was appointed the chapter 7 trustee.

On February 26, 1994, Kendall filed a complaint to avoid liens created by the two judgments which were recorded against Bergel's assets. Kendall asserted that any liens associated with the first judgment were not properly recorded and were avoidable pursuant to § 544(a)(3). Kendall also asserted that any liens associated with the second judgment were avoidable as preferential transfers pursuant to § 547(b).

Kendall filed a motion for summary judgment claiming that he was entitled to judgment as a matter of law. The bankruptcy court granted his motion avoiding any liens created by the first judgment and avoided the remaining liens created by the second judgment with the exception of the lien arising from an abstract of judgment filed in Contra Costa County.

RG 80–21 does not contest the bankruptcy court's decision as to the first judgment and appeals only that portion of the lower court's ruling holding the abstract recorded in Napa County on the 91st day as a voidable preferential transfer, due to the fact that counting backwards from the date of the petition the 90th day was a Saturday.

RG 80–21 timely filed its notice of appeal.

## II. ISSUE

Whether Bankruptcy Rule 9006(a) may be utilized to extend the 90 day preference period of § 547(b)(4)(A) when the 90th day falls on a Saturday, Sunday or a legal holiday.

## III. STANDARD OF REVIEW

A grant of summary judgment is reviewed *de novo. Halverson v. Skagit County,* 42 F.3d 1257, 1260 (9th Cir.1994); *In re Zelis,* 161 B.R. 469, 472 (9th Cir. BAP 1993). An appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the trial court correctly applied the relevant substantive law. *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994).

## IV. DISCUSSION

The issue before us is whether the 90 day reach back period of § 547(b)(4)(A) may be extended by application of Rule 9006(a).

Section 547(b)(4)(A) provides:

[T]he trustee may avoid any transfer of an interest of the debtor in property—

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

11 U.S.C. § 547(b)(4)(A).

Rule 9006(a) provides in relevant part:

**(a) Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. *The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ... in which event the period runs until the end of the next day which is not one of the aforementioned days.*

Fed.R.Bankr.P. 9006(a) (emphasis added).

Congress has delegated its authority to the Supreme Court "to prescribe by general rules ... the practice and procedure in cases under title 11." 28 U.S.C. § 2075. The Supreme Court's power to prescribe the Bankruptcy Rules is limited by the condition that "[s]uch rules shall not abridge, enlarge, or modify any substantive right." *Id.*

In order to determine the issue before us, we must determine whether the 90 day preference period is substantive, in which case it cannot be enlarged by Rule 9006(a), or is merely procedural.

The trustee asserts that Rule 9006(a) must be applied to *any* applicable statute and can in certain circumstances increase the statutory period without affecting substantive rights. More specifically, the trustee argues that the Ninth Circuit has concluded that

Rule 9006(a) can be applied to any statutory time period based on his reading of *In re Victoria Station, Inc.,* 840 F.2d 682 (9th Cir. 1988) and *Hart v. United States,* 817 F.2d 78 (9th Cir.1987). We disagree.

In *Victoria Station,* the issue involved whether the debtor could assume a nonresidential real property lease pursuant to § 365(d)(4) after the 60 day statutory period, when the 60th day fell on a Saturday and the motion was filed on the following Monday.[2] The bankruptcy court denied the debtor's motion to assume the lease as being untimely. The BAP on appeal reversed, stating that the statute only required that the motion be made within the 60 day period, and since a motion is made when served as opposed to filed, it was deemed timely made.[3] On further appeal, the Ninth Circuit agreed with the BAP, concluding that under Rule 9006(a) the debtor had an extra 2 days until the following Monday to make and serve its motion to assume the lease. Thus, the lease was properly assumed. *Id.* at 684.

In *Hart,* the district court dismissed a licensee's complaint filed pursuant to the Federal Tort Claim Act based on improper service. The relevant issue on appeal involved whether a licensee had timely filed his complaint within the 6 month statute of limitations contained in 28 U.S.C. § 2401(b), when the last day to file the complaint fell on a Saturday.[4] The Ninth Circuit concluded that the licensee had until the following Monday to file his personal injury complaint based on Fed.R.Civ.P. 6(a).[5]

RG 80–21 relies on *In re Butcher,* 829 F.2d 596, 601 (6th Cir.1987), *cert. denied,* 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988), for the proposition that Rule 9006(a) does not extend the 90 day statutory period of § 547(b)(4)(A). In *Butcher,* the trustee appealed a judgment dismissing his complaint seeking to avoid preferential and fraudulent transfers because the complaint was barred by the two year statute of limitations pursuant to § 546(a).[6] The two year period ended on a Saturday, and the trustee did not file his complaint until the following Monday. On appeal, the trustee argued that Rule 9006(a) should be applied to extend the limitations period and that all time periods in the Code must be computed by reference to Rule 9006(a). The Sixth Circuit concluded that it was irrelevant whether a limitation period expired on a Saturday, Sunday, or a holiday because the Bankruptcy Rules only come into play after a complaint was timely filed. Thus, "[j]urisdiction must arise from section 546(a) without reference to Bankruptcy Rule 9006(a)." *Id.* at 601. Therefore, the Sixth Circuit held that the complaint was untimely.

RG 80–21 also relies on *In re Enterprise Fabricators, Inc.,* 36 B.R. 220 (Bankr. M.D.Tenn.1983) as additional support. In *Enterprise Fabricators,* the trustee attempted to avoid a transfer which occurred 91 days prior to the filing of the debtor's petition. The trustee argued that since the 90th day fell on a Sunday, the preference period must be expanded to the following Monday based on Rule 9006(a). Since the facts were undisputed, the transferee filed a motion for summary judgment. The bankruptcy court granted the transferee's motion, concluding that "Bankruptcy Rule 9006(a) . . . may not be applied in a manner conflicting with the provisions of Code § 547(b)(4)." *Id.* at 224.

---

2. Section 365(d)(4) provides that "if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee *within 60 days after the date of the order for relief,* or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor." 11 U.S.C. § 365(d)(4) (emphasis added).

3. The BAP decision is published at 69 B.R. 110 (9th Cir. BAP 1986).

4. 28 U.S.C. § 2401(b) provides that "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

5. Fed.R.Civ.P. 6(a) is identical to Rule 9006(a).

6. Section 546(a) provides that "[a]n action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—(1) the later of—(A) *2 years after the entry of the order for relief.*" 11 U.S.C. § 546(a)(1)(A) (emphasis added).

In order to resolve the issue before us, we must determine whether the "90 day" element of § 547(b) is procedural or substantive. If it is merely procedural, then Rule 9006(a) would allow the 90 days to be extended, as argued by the trustee. If, however, it is a substantive element of § 547(b), then 28 U.S.C. § 2075 precludes its extension beyond 90 days.[7]

A substantive element differs from a procedural requirement for an act to be done such as the filing of a complaint or a motion prior to a certain deadline. In fact, unlike a complaint or motion that must be filed with the court while the clerk's office is open, a transfer can occur at any time.

With this question in mind, we will now discuss the above referenced cases relied on by the trustee and RG 80–21.

We believe that *Butcher* is in direct conflict with *Victoria Station* and *Hart*. However, we conclude that none of those cases are dispositive, because they all involve situations in which affirmative acts were required to be performed, i.e. *Butcher* (filing a complaint); *Victoria Station* (filing a motion); and *Hart* (filing a complaint). Therefore, the time requirements in those cases were clearly procedural.

However, we agree with the reasoning of *Enterprise Fabricators*, which involved the identical issue before us, namely the trustee's substantive rights under § 547(b)(4).

■ It is clear that the power to avoid any preferential transfer within 90 days before the date the petition was filed is a substantive element of a cause of action under § 547(b). Section 547(b) does not require any affirmative act by the trustee. Rather, it creates a statutory period in which certain transfers are voidable by the trustee.

We therefore hold that the use of Rule 9006(a) to extend the preference period beyond the limitations set forth in § 547(b)(4)(A) is an impermissible enlarge-

ment of the trustee's substantive right to avoid transfers.

## V. CONCLUSION

■ Because the alleged preference was made 91 days prior to the date of the filing of the petition, we hold that the transfer cannot be avoided by the trustee pursuant to § 547(b)(4)(A). Accordingly, we REVERSE and REMAND with instructions to enter summary judgment for RG 80–21.

---

**7.** Additionally, we find it helpful to look to the Advisory Committee Note to Rule 9006, which states:

Subdivision (a). This rule is an adaption of Rule 6 F.R.CivP. It governs the time for *acts to be done and proceedings to be had* in cases under the Code and any litigation arising therein.

Fed.R.Bankr.P. 9006 advisory committee's note (emphasis added).