**In re Scott Lawrence BOYER and Christen Marie Boyer, Debtors.**

**Eric R.T. ROOST, Trustee, Plaintiff,**

**v.**

**GENERAL MOTORS ACCEPTANCE CORP., Defendant.**

**Bankruptcy No. 696–60987–aer7.**
**Adversary No. 96–6226–aer.**

United States Bankruptcy Court, D. Oregon.

Sept. 18, 1997.

---

Eric R. T. Roost, Eugene, OR, for plaintiff.

Thomas Hooper, Portland, OR, for defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court for trial upon stipulated facts.

### BACKGROUND

The plaintiff-trustee brought this adversary proceeding to avoid defendant's security interest in a vehicle as a preferential transfer pursuant to 11 U.S.C. § 547. On March 11, 1997, the "Pre-trial Order and Stipulated Facts" was filed herein. The parties have agreed to submit this matter for decision upon the facts contained in the Pre-trial Order and Stipulated Facts and a Supplement to Pre-trial Order and Stipulated Facts which was received by this court on May 21, 1997. This opinion incorporates the stipulated facts presented by the parties as the court's findings of fact; they will not be set forth at length.

Suffice it to say the pertinent facts are that on December 11, 1995, one of the debtors purchased a 1994 GMC Jimmy vehicle (the vehicle) from a dealer. The debtor received possession of the vehicle on that same date. In addition, on that same date, a security interest was granted in the form of a retail installment contract signed by the debtor. The dealer's interest in the vehicle has been assigned to the defendant. The application for title and registration was filed with the Oregon Motor Vehicles Department (DMV) on January 2, 1996. Twenty days from December 11, 1995, was Sunday, December 31, 1995. Monday, January 1, 1996, was a federal and state holiday. DMV was closed on both December 31, 1995 and January 1, 1996. The debtors filed their Chapter 7 petition, herein, on March 13, 1996.

The parties have agreed that the plaintiff has carried his burden of proof to establish a prima facie case for avoidance of a preferential transfer pursuant to 11 U.S.C. § 547(b). The defendant, however, maintains that an affirmative defense to preference avoidance set forth in 11 U.S.C. § 547(c)(3) applies, hence, the transfer of the security interest in the vehicle may not be avoided by plaintiff. The court has heard the oral argument of the parties and has reviewed their written submissions.

### ISSUE

The parties have agreed that if Bankruptcy Rule 9006(a) applies, defendant has perfected its security interest within the 20 days allowed by 11 U.S.C. § § 47(c)(3) and prevails. If Bankruptcy Rule 9006(a) is inapplicable, as argued by plaintiff, then perfection occurred outside the 20 day grace period and plaintiff prevails. Thus, the sole issue to be decided by this court is whether or not Bankruptcy Rule 9006(a) operates to extend the 20 days allowed for perfection contained in 11 U.S.C. § 547(c)(3) when the last day to achieve perfection falls on a Saturday, Sunday or Legal Holiday.

### DISCUSSION

All statutory references are to the Bankruptcy Code, Title 11 United States Code unless otherwise indicated.

Section 547(c) provides in pertinent part:

The trustee may not avoid under this section a transfer—

(3) that creates a security interest in property acquired by the debtor—

(a) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before 20 days after the debtor receives possession of such property;

Here, the parties have agreed that all of the elements of § 547(c)(3) are present with the exception of § 547(c)(3)(B) which allows 20 days for the defendant to perfect its security interest in the vehicle.

We must turn ... to the applicable state law to determine the method for perfecting a security interest ...

In Oregon, a creditor perfects its interest in a motor vehicle by applying for notation of the security interest on the certificate of title. O.R.S. § 803.097(1). If the application contains all the necessary information, and is accompanied by all the required documentation, 'the security interest is perfected as of the date marked by the division on the application.' O.R.S. § 803.097(3).

*In re Loken,* 175 B.R. 56 at 60, 61 (9th Cir. BAP 1994).

Here, it is clear that defendant perfected its security interest in the vehicle on January 2, 1996 as agreed by the parties. Bankruptcy Rule 9006(a) provides in pertinent part:

In computing any period of time prescribed or allowed by these Rules or by the Federal Rules of Civil Procedure made applicable to these Rules, by the local rules, by order of court, *or by any applicable statute,* the date of the act, event, or default from which the designated period

of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday, ... in which event the period runs until the end of the next day which is not one of the aforementioned days. (Emphasis added).

On its face, Bankruptcy Rule 9006(a) clearly applies, compelling a conclusion that the defendant has perfected its security interest in the vehicle within the time allowed. The plaintiff contends, however, that Bankruptcy Rule 9006(a) is inapplicable to the affirmative defenses asserted under § 547(c).

In brief, the plaintiff's argument is that the Bankruptcy Rules are procedural, not substantive. These procedural rules may not either enlarge or abridge substantive rights, *See* 28 U.S.C. § 2075[1]. Here, the grace period provided in § 547(c)(3)(B) is a substantive element of defendant's affirmative defense. Accordingly, Bankruptcy Rule 9006(a) may not be applied to extend that period of time.

Plaintiff relies heavily upon *In re Ross,* 193 B.R. 902 (Bankr.W.D.Mo.1996). There, the court discussed the difference between substantive and procedural statutes noting that statutes which are substantive define and regulate rights; they are procedural if they neither impair nor enlarge such rights but merely prescribe a method for enforcing them or obtaining a redress for a grievance. Based upon that analysis, the Ross court concluded that:

Section 547(c) (3)(B) clearly defines and regulates the substantive rights of a secured party. It provides that if a secured party perfects its security interest on or before 20 days after the debtor receives possession, then it acquires the right of an affirmative defense against the trustee's preference power. This provision deals with the establishment of the right of a secured party to defend against a trustee's preference action, and is not related to the

---

**1.** 28 U.S.C. § 2075 provides, in pertinent part:
The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11.

Such Rules shall not abridge, enlarge, or modify any substantive right.

procedural considerations regarding the actual assertion of the defense.

193 B.R. at 905, 906.

In addition, plaintiff relies upon the recent Bankruptcy Appellate Panel case of *In re Bergel*, 185 B.R. 338 (9th Cir. BAP 1995).

A number of cases decided prior to the *Ross* decision have, however, held that Bankruptcy Rule 9006(a) does apply to the grace period provided by § 547(c)(3)(B) or the related grace period specified in § 547(e)(2)(A)[2]. *See In re Lamons*, 121 B.R. 748 (Bankr.S.D.Ohio 1990); *In re Saffron*, 134 B.R. 62 (Bankr.M.D.Ga.1991); and *In re Plante*, 38 B.R. 239 (Bankr.D.Me.1984). Indeed, in an unpublished letter opinion, Judge Higdon, has considered this issue. She concluded that the application of fairness in the legal process clearly requires that Bankruptcy Rule 9006(a) be applied.[3]

There appears to be little law in this circuit dealing with the issue at hand. In *In re Loken*, 175 B.R. 56 (9th Cir. BAP 1994) the court held that a security interest which was perfected outside the 10 day grace period[4] (in that case the 12th day) did not qualify for the enabling loan defense provided under § 547(c)(3). In *Loken*, however, the 10th and 11th days were not weekend days or holidays. Both parties cite the *Bergel*, opinion to support their respective positions.

In *Bergel*, the trustee sought to avoid a judgment lien as a preference. The trustee argued that Bankruptcy Rule 9006(a) could be applied to extend the 90 day preference period of § 547(b)(4)(A)[5] when the 90th day falls on a Saturday, Sunday, or legal holiday. The court rejected the trustee's argument. Noting the difference between substantive and procedural statutes the court concluded:

It is clear that the power to avoid any preferential transfer within 90 days before the date the petition was filed is a substantive element of a cause of action under § 547(b). *Section 547(b) does not require any affirmative act by the trustee.* Rather, it creates a statutory period in which certain transfers are avoidable by the trustee.

We therefore hold that the use of Rule 9006(a) to extend the preference period beyond the limitations set forth in § 547(b)(4)(a) is an impermissible enlargement of the trustee's substantive right to avoid transfers. (Emphasis added).

185 B.R. at 341.

It is noteworthy that the *Bergel* court did not address the issue presented here, the 20 day grace period provided in § 547(c)(3)(B). Plaintiff argues that the same result applies by analogy.

The court, in *Bergel*, however, noted that the 90 day preference period, which is part of the trustee's cause of action, does not require any affirmative act on the part of the trustee. In short, the trustee need not take any action during the 90 day period in order to preserve his avoidance powers. Indeed, such action would be impossible since the 90 day reach back applies pre-petition.

The same result does not apply to the grace period provided for perfection in § 547(c)(3)(B). The defendant must perfect its security interest, as allowed by state law, within the 20 day grace period in order preserve its right to the affirmative defense. Thus, the grace period is analogous to a statute of limitations.

Courts have consistently held that Bankruptcy Rule 9006(a) applies in computing whether or not an adversary proceeding has

---

**2.** Section 547(e)(2)(A) provides in part:
(2) For the purposes of this section ... a transfer is made—
(a) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time, except as provided in subsection (c)(3)(B);

**3.** *Long et. al. v. Selco Credit Union, (In re Wisner)*, Case No. 92–6043–H (Bankr.D.Or. Feb. 3, 1993) (letter op.) (Higdon, J.).

**4.** Section 547(c)(3)(B) was amended in 1994 to increase the 10 day grace period to 20 days.

**5.** Section 547(b) provides in part:
[T]he trustee may avoid any transfer of an interest of the debtor in property—
(4) made—
(A) on or within 90 days before the date of the filing of the petition;

been timely commenced under § 546 [6]. *See In re Oro Import Company, Inc.,* 69 B.R. 6 (S.D. Fla 1986); *In re Kaelin Associates Electrical Construction, Inc.,* 70 B.R. 412 (Bankr.E.D.Pa.1987); and *In re Hanna,* 72 F.3d 114 (9th Cir.1995).

Further, "[t]his circuit has stated that a party challenging a bankruptcy rule has a 'heavy burden' of showing that the rule deals with a matter of substance rather than procedure." *In re Hill,* 811 F.2d 484, 487 (9th Cir.1987). This court notes that the application of the position advocated by the plaintiff could substantially reduce the amount of time available for a secured creditor to perfect a purchase money security interest or enabling loan. In some instances, the period of time could be as short as 17 days, clearly abridging rights provided by Congress in enacting § 547(c)(3).

### CONCLUSION

Here, perfection of the defendant's security interest required that an affirmative act be done by the defendant, namely, the application for notation of its security interest on the certificate of title with the DMV. The DMV marked defendant's application on January 2, 1996, the first business day following the 20th day in this case. Accordingly, under the rationale set forth in *Bergel,* and *Hill,* Bankruptcy Rule 9006(a) applies, extending the 20 day grace period to and including January 2, 1996. This court declines to follow the result reached by the court in *Ross.*

The defendant has carried its burden of proof to establish the affirmative defense to the plaintiff's preference avoidance powers as set forth in § 547(c)(3) and is entitled to a judgment in its favor.

This opinion constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052; they shall not be separately stated.

---

**6.** § 546(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

  (1) the later of—
    (a) 2 years after the entry of the order for relief; or

    (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

  (2) the time the case is closed or dismissed.