In re Thomas A. GREENE, aka Radiator Service, Inc. and Bobby Jean Greene, Debtors.

Jeffrey G. LOCKE, Trustee, Appellant,

v.

MBNA AMERICA, Appellee.

No. C98 1971 SBA.

United States District Court,
N.D. California.

July 27, 1998.

Robert S. Lampl, Law Offices of Robert S. Lampl, Woodland Hills, CA, for defendant/appellee.

### ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLANT

ARMSTRONG, District Judge.

### BACKGROUND

This is an appeal from a grant of summary judgment by the Bankruptcy Court in favor of Appellee MBNA America ("MBNA"). The facts are undisputed. The debtor tendered a check, in the amount of $21,998.71, to MBNA on February 29, 1996. The debtor's check cleared the debtor's bank account on Friday, March 8, 1996. Thereafter, on Friday, June 7, 1996, the debtor filed a petition for relief under Title 11, Chapter 7 of the United States Code. On August 29, 1996, the Trustee filed a Complaint seeking to avoid the March 8, 1996 transfer under Title 11 section 547(b), which provides that a transfer may be avoided if it was made within 90 days before the filing of the bankruptcy petition. Because the 90th day before the filing of the bankruptcy petition fell on a Saturday, the Trustee claimed that Bankruptcy Rule 9006(a), which is patterned after Federal Rule of Civil Procedure 6(a), applied to extend the § 547 preference period to the 91st day before the filing of the petition. Thereafter, MBNA filed a Motion for Summary Judgment with respect to the Trustee's claim for avoidance, alleging that the transfer occurred outside the ninety-day preference period proscribed by § 547.

On February 5, 1997, the Bankruptcy Court entered judgment in favor of MBNA ruling that *In re Bergel,* 185 B.R. 338, 341 (9th Cir. BAP 1995) was binding on the Court. In *Bergel,* the bankruptcy appellate panel held that Rule 9006(a) did not apply to calculating the preference period under § 547. The Trustee has timely appealed the Bankruptcy Court's decision.

### STANDARD OF REVIEW

District courts have jurisdiction to hear appeals from final judgments, orders and

Fred Hjelmeset, Law Offices of Reidun Stromsheim, San Francisco, CA, for trustee/plaintiff/appellant.

decrees of bankruptcy judges. 28 U.S.C. § 158. A grant of summary judgment is reviewed de novo. *Halverson v. Skagit County,* 42 F.3d 1257, 1259 (9th Cir.1994). As an appellate court, this court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the trial court correctly applied the relevant substantive law. *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994).

■ Decisions promulgated by the Ninth Circuit bankruptcy appellate panel ("BAP"), like *In re Bergel,* are not binding on district courts. *Bank of Maui v. Estate Analysis, Inc.,* 904 F.2d 470, 472 (9th Cir. 1990). Indeed, "district courts must always be free to decline to follow BAP decisions and to formulate their own rules within their jurisdiction." *Id.*

### DISCUSSION

#### A. Application of Rule 9006(a) to § 547

At issue is whether the 90-day "reach back" period of § 547 may be extended by application of Rule 9006(a). Section 547(b)(4) provides, in pertinent part: "[T]he trustee may avoid any transfer of an interest of the debtor in property ... made ... on or within 90 days before the date of the filing of the [bankruptcy] petition." 11 U.S.C. § 547(b)(4)(A).

Rule 9006(a) provides:

In computing any period of time prescribed or allowed by these rules ..., the day of the act, event, or default from which the designated period of time begins to run shall not be included. *The last day of the period to run shall be included, unless it is a Saturday, a Sunday, or a legal holiday, ... in which event the period runs until the end of the next day which is not one of the aforementioned days.* Fed. R.Bankr.P. 9006(a) (emphasis added).

Rule 9006(a) was promulgated by the Supreme Court pursuant to the Rules Enabling Act, in which Congress limited the Supreme Court's power to prescribe the Bankruptcy Rules by the condition that "[s]uch rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075.

In this case, the ninetieth day before the date the petition was filed fell on a Saturday. And, the day of the transfer was Friday, 91 days before the date the petition was filed. The Trustee argues, however, that Bankruptcy Rule 9006(a) applies, and that the transfer is avoidable under § 547. MBNA counters that § 547 creates substantive rights and is thus not subject to Rule 9006(a)'s method of computation.

To determine whether Rule 9006(a) applies to the 90-day period set forth in § 547, the Court must determine whether the 90-day preference period is substantive, in which case it cannot be enlarged by Rule 9006(a), or is procedural, in which case Rule 9006(a) applies.

This issue has been considered by several courts, which has resulted in a split of authority. *See In re Bergel,* 185 B.R. 338 (9th Cir. BAP 1995) (Rule 9006(a) does not apply to § 547 because § 547 creates substantive rights); *In re Prior,* 176 B.R. 485, 496 & fn. 9 (Bankr.S.D.Ill.1995) (Rule 9006(a) does apply to § 547's 90-day preference period); *In re Mailbag International, Inc.,* 28 B.R. 905, 909 (Bankr.D.Conn.1983) (Bankruptcy Rule 906(a), which is the precursor to Rule 9006(a), applies to the computation of the preference period prescribed by § 547); *see also In re Nelson Co.,* 959 F.2d 1260, 1266 (3rd Cir.1992) (Rule 9006 applies to calculation of 90 day period set forth in § 547). The Court is persuaded by the line of authority that holds rule 9006(a) applies to the § 547 preference period.

■ There is a strong presumption that the Bankruptcy Rules enacted by the Supreme Court do not modify existing substantive rights. *In re Moralez,* 618 F.2d 76, 78 (9th Cir.1980). And, "[i]t cannot be assumed easily that the Supreme Court acted outside the power delegated to it under [the Enabling Act], or that Congress allowed rules to become operative which would affect substantive rights." *In re Hill,* 811 F.2d 484, 487 (9th Cir.1987), *quoting In re Moralez,* 618 F.2d 76, 78 (9th Cir.1980); *In re Meyer–Midway, Inc.,* 68 B.R. 181, 183 (N.D.Ill.1986) ("It is presumed that the Supreme Court

acted within the limits of Section 2075 when drafting the rules and that if they had over-stepped the bounds of their authority Congress would have stepped in to modify the rule"). Any party challenging a bankruptcy rule, therefore, has a "heavy burden" of showing that the rule deals with a matter of substance rather than procedure. *Hill,* 811 F.2d at 487; *see Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (federal courts "can refuse to [apply a federal rule] only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions").

MBNA, in this case, has failed to meet its burden of showing that § 547(b) deals with a matter of substance rather than procedure. *Meyer–Midway,* 68 B.R. at 183. Further, it is elementary that rules relating to methods of computing time may be applied in a way that extends the chronological length of a statutory period. *Union Nat. Bank of Wichita, KS v. Lamb,* 337 U.S. 38, 40–41, 69 S.Ct. 911, 93 L.Ed. 1190 (1949) (statutory period extended one day where last day fell on Sunday); *see also Nelson,* 959 F.2d at 1266; *Prior,* 176 B.R. at 496, n. 9; *In re Grimaldi,* 3 B.R. 533 (Bankr.D.Conn.1980) (bankruptcy computation rule applied to § 547 preference period); *In re B & M Contractors, Inc.,* 2 B.R. 110 (Bankr.N.D.Ala.1979) (same); *In re J.A.S. Markets, Inc. (Pineo v. Charley Brothers Co.),* 113 B.R. 193, 197–98 (Bankr. W.D.Pa.1990) ("Rule 9006 requires us to extend the [§ 547] preference period from Saturday ... to include the next day, Friday"). Thus, the computation of the time limit stated in § 547(b) is a procedural matter which the rules may properly address. Application of Rule 9006(a) in this case, counting backwards [*see* section B of this Order], would extend the § 547 preference period to 91 days before the filing of the bankruptcy petition.

Despite the weight of authority to the contrary, the Bankruptcy Court relied on and considered itself bound by *In re Bergel.* The *Bergel* Court relied on *In re Enterprise Fabricators, Inc.,* 36 B.R. 220 (Bankr. M.D.Tenn.1983) in holding that Rule 9006(a)

did not apply to the § 547 preference period because it would constitute an "impermissible enlargement of the trustee's substantive right to avoid transfers." *Bergel,* 185 B.R. at 341. *In re Enterprise,* however, is not persuasive authority, especially in light of the fact that it relied on a much criticized Sixth Circuit opinion, *Rust v. Quality Car Corral,* 614 F.2d 1118 (6th Cir.1980), in which the Court held that Rule 6(a) (which is analogous to Rule 9006(a)) did not apply to a statute of limitations because the statute was jurisdictional and Rule 6(a) could not be construed so as to extend or limit the jurisdiction of the district courts. *Rust,* 614 F.2d at 1119–20. Most courts now decline to follow *Rust,* and indeed, the Sixth Circuit itself recently called its *Rust* ruling "erroneous." *Bartlik v. United States Dept. of Labor,* 62 F.3d 163, 166 (6th Cir.1995); *see, e.g., In re Day,* 102 B.R. 414 (E.D.Pa.1989) (criticizing *Rust* ); 4A Wright & Miller, Federal Practice and Procedure § 1163, at 462 & n. 1 (2d ed. 1987) (*Rust* is minority view).

In *Bartlik,* the Sixth Circuit reversed its *Rust* holding, stating that Rule 6(a) "*does not 'expand' or 'enlarge'* [the court's] jurisdiction" and thus the Rule's method for computing time does apply to statutes of limitations. *Bartlik,* 62 F.3d at 166 (emphasis added). Similarly, the Ninth Circuit has held that the computation rule does not "enlarge" statutory time periods, but merely provides a method for computation. *United States v. Cia Luz Stearica,* 181 F.2d 695, 696 (9th Cir. 1950).

■ Because the authority on which *Bergel* rests is questionable at best and because § 547 does not create any substantive rights, this Court declines to follow *Bergel,* and holds that the computation method set forth in Rule 9006(a) applies to the § 547 preference period. *Bank of Maui v. Estate Analysis, Inc.,* 904 F.2d 470, 472 (9th Cir.1990) (district courts are not bound by BAP decisions); *see Dutcher v. Wright,* 94 U.S. 553, 561, 24 L.Ed. 130 (1876) (applying a computation rule to the preference period in bankruptcy); *In re Prior,* 176 B.R. 485, 496 & fn. 9 (Bankr.S.D.Ill.1995); *J.A.S. Markets,* 113 B.R. at 197–98 (Rule 9006(a) extends the

preference period from Saturday to the next day, counting backwards, Friday).

### B. The Preference Period is Computed by Counting Backwards

MBNA further argues that the preference period set forth in § 547 should be calculated by counting forward from the date of the transfer instead of backward from the date of the petition filing. The Trustee disagrees.

 Rule 9006(a) provides that the day of the "event" from which the period of time begins shall not be counted in the computation of time. And, section 547 provides that a transfer may be avoided if made "on or within *90 days before the date of the filing of the petition.*" Because the "event" contemplated by § 547 is the date of filing the bankruptcy petition, and not the date of the transfer, it is proper to count backward from that date, excluding the date of filing the petition in the preference period. *See In re Nelson,* 959 F.2d 1260, 1266–67 (3rd Cir. 1992) (finding that the focal point of § 547 is date of filing petition and applying Rule 9006(a) to preference period). Supreme Court precedent and the majority of cases that have addressed the issue agree. *See Dutcher v. Wright,* 94 U.S. 553, 24 L.Ed. 130 (1876) (counting backwards and applying computation rule); *Nelson,* 959 F.2d at 1266–67 (preference period should be counted backwards from date of bankruptcy filing); *In re Momentum Computer Systems, Int'l.,* 66 B.R. 512, 513 (N.D.Cal.1986) (counting backwards from date of petition); *In re Prior,* 176 B.R. 485, 497 (Bankr.S.D.Ill.1995) (following "majority view" and counting backwards and applying Rule 9006(a) to preference period); *In re Levinson,* 128 B.R. 365, 367 (Bankr.S.D.N.Y.1991) (counting backwards to compute preference period); *J.A.S. Markets,* 113 B.R. at 197–98 ("the count is backward from the date of filing").

### CONCLUSION

 Rule 9006(a) should be applied when computing the preference period under § 547. It is proper to calculate the preference period by counting backwards from the date of the filing of the bankruptcy petition. In this case, the 90–day preference period

ended on a Saturday and thus must be extended one day to the previous Friday, the day on which the debtor made its transfer. The Trustee, therefore, may avoid the transfer. The decision of the Bankruptcy Court is REVERSED. The March 8, 1996 transfer is avoided.

IT IS SO ORDERED.