**In re Russell John GRANT, Debtor.**

**No. 09–04223–PB13.**

United States Bankruptcy Court,
S.D. California.

Jan. 26, 2010.

Barrington Daltry, Doan Law Firm, LLP, Carlsbad, CA, for Debtor.

Thomas H. Billingslea, Jr., Esq., San Diego, CA, Trustee.

## MEMORANDUM DECISION

PETER W. BOWIE, Chief Judge.

This matter came on regularly for hearing on the objection to confirmation of debtor's Chapter 13 plan interposed by the Chapter 13 Trustee.

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and General Order No. 312–

D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(a), (1).

Debtor has filed a proposed Chapter 13 plan which sets out his intent to strip off a junior lien on his house pursuant to the Ninth Circuit's decision in *In re Zimmer*, 313 F.3d 1220 (2002). Mr. Grant is an above-median income earner who claimed as an expense on his Form B22C a $900 per month deduction for the payment contractually due on the junior lien he intends to strip off. If that expense claim were allowed, Mr. Grant would have a negative disposable income, with the correlative consequences set out in *In re Kagenveama*, 527 F.3d 990 (9th Cir.2008), including no applicable commitment period. A recent decision of the Bankruptcy Appellate Panel, *In re Martinez*, 418 B.R. 347 (2009) instructs that a debtor may not claim as an expense on the Form B22C sums that the debtor intends to eliminate as an obligation. If the expense claimed for the lien to be stripped off is not allowed, Mr. Grant will have a positive disposable income and, because he is an above-median-income earner, the applicable commitment period would be 60 months, and monies would become available for distribution to unsecured creditors, instead of the 0% distribution Mr. Grant has proposed.

A threshold issue which counsel were asked to address is whether this Court is bound by a decision of the Bankruptcy Appellate Panel in a case on appeal from a different court. If the Court is bound, then *Martinez* dictates the outcome.

As this Court has indicated previously, in *In re Enriquez*, 244 B.R. at 159–60, the Court is persuaded that BAP decisions have not been determined to be binding. *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470 (9th Cir.1990) held that a bankruptcy court's imposition of sanctions on a creditor because it ran afoul of a controlling BAP decision was improper. On appeal, the district court affirmed the award of sanctions, but the Ninth Circuit reversed. In his noted concurrence, Judge O'Scannlain urged the Judicial Council of the Ninth Circuit to adopt a rule making BAP decisions binding on all bankruptcy courts in the Circuit under most circumstances. That the issue remains an open one was reinforced in *In re Zimmer*, 313 F.3d 1220, 1225 n. 3 (9th Cir.2002), where the panel noted in part:

> Although the binding nature of Bankruptcy Appellate Panel decisions—an open question in this circuit—is not squarely before us in this case, we join Judge O'Scannlain's call for the Judicial Council to consider an order clarifying whether the bankruptcy courts must follow the BAP.

While the Judicial Council has not taken such action as of the present, it is sufficient to note that the question remains an open one in the Ninth Circuit. For purposes of the present matter the Court concludes it need not take a definitive position on the issue of the binding effect of a BAP decision because the Court concludes that the result reached by the BAP in *Martinez* is correct.

Counsel for debtor, in a brief in *In re Gallegos*, No. 09–05946, made a number of arguments in support of their position that *Martinez* was incorrectly decided. Without having to parse each of those arguments, or the rationale advanced by the *Martinez* majority, the Court concludes there is a simpler answer to whether a debtor may include as an expense payments "contractually due to secured creditors...." 11 U.S.C. § 707(b)(2)(A)(iii). Debtor claims he may deduct such an expense because it was "contractually due" to a secured creditor on the date of the

filing of the petition. *Martinez* says he may not, for multiple reasons.

Again, without parsing the rationale of the *Martinez* decision, or the debtor's attacks on it, the Court points to the language of § 707(b)(2)(A)(iii)(I):

> (iii) The debtor's average monthly payments on account of *secured debts* shall be calculated as the sum of—
>
> (I) the total of all amounts scheduled as contractually due *to secured creditors* in each month of the 60 months following the date of the petition. . . .

(Emphasis added.)

The premise of debtor's ability to strip off a junior lien under the authority of *In re Zimmer*, 313 F.3d 1220 (9th Cir.2002) is that the debt on the junior lien is *unsecured*. Debtor so asserts in his Schedule D, filed under penalty of perjury. To paraphrase *In re Ransom*, 577 F.3d 1026, 1030 (9th Cir.2009): "Ironic it would be if debtor could claim a junior lien wholly unsecured for lien strip purposes under § 1322(b) while also claiming it *is a secured debt* for purposes of deducting payments 'contractually due' under § 707." The Court believes, and concludes, that debtor cannot have it both ways, precisely because § 707(b)(2)(A)(iii) permits deduction only of payments on secured debts that will be contractually due in the next 60 months. The statute does not permit a deduction for contractually due payments on unsecured debts.

Debtor's counsel, in its *Gallegos* brief, has urged a "snapshot in time" analysis, and points to the fact that the recorded lien is still in place at the moment of filing, so the payments are still "contractually due" at that point in time. While it is an interesting chicken-and-egg sort of discussion, the Ninth Circuit has provided guidance in *In re Scovis*, 249 F.3d 975 (2001). There, the court held that courts should "look to 11 U.S.C. § 506(a)" to determine a debtor's eligibility. 249 F.3d at 983. The court elaborated:

> Through the inclusion of a § 506(a) analysis to define "secured" and "unsecured" in the § 109(e) context, a vast majority of courts, and all circuit courts that have considered the issue, have held that the unsecured portion of undersecured debt is counted as unsecured for § 109(e) eligibility purposes.

*Id. Scovis* held that a lien on real property which would be avoidable because it impaired debtor's homestead exemption should be counted as an unsecured debt for eligibility purposes, even though the lien had not yet been formally avoided.

### Conclusion

For the foregoing reasons, and including those set out in *In re Martinez*, the Court finds and concludes that the Chapter 13 Trustee's objection to confirmation of debtor's proposed plan in its present form should be sustained and confirmation denied without prejudice.

Debtor shall have thirty (30) days from the date of entry of this Memorandum Decision to file an amended Form B22 and an amended plan. If no such plan is filed within that time, this case will be dismissed, without prejudice.

IT IS SO ORDERED.