■ PEOPLES NATIONAL BANK OF ROCKLAND COUNTY, Appellant, v STANLEY WEINER et al., Respondents.—In an action, inter alia, to recover damages for the defendants' failure to file a financing statement with the Secretary of State, causing the plaintiff to lose its secured position on a loan, the plaintiff appeals, as limited by its brief, from so much of an order of

the Supreme Court, Rockland County (Dickinson, J.), dated January 4, 1985, as denied its motion for partial summary judgment on the issue of liability.

Justice Brown has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Rockland County, for a trial on the issue of damages.

This action arises out of a secured transaction in which the plaintiff loaned Speedcraft Auto Parts, Inc. (hereinafter Speedcraft) $60,000 and in return received as collateral a security interest in Speedcraft's inventory and equipment. The plaintiff was represented in the transaction by the defendant Stanley Weiner, an attorney, and he in turn retained the defendant McCall Abstract Corp. (hereinafter McCall) to conduct the title searches on the collateral and to file the UCC financing statements with the proper authorities. On August 12, 1977, the day following the closing, McCall delivered the financing statement to the office of the Rockland County Clerk for filing and on that same day, mailed a copy of the financing statement, together with a check for the filing costs, to the office of the Secretary of State. McCall received no return receipt; its check for the filing fees was never returned or negotiated and no completed copy of the financing statement was returned.

Subsequently, approximately one month later, Speedcraft filed for bankruptcy and during the course of those proceedings, it was discovered that the plaintiff's financing statement had never been filed with the Secretary of State, and as a result, the plaintiff lost its status as a secured creditor and was relegated to the status of a general unsecured creditor.

In this action, the plaintiff seeks partial summary judgment on the issue of liability on the ground that the defendants breached their duty to ensure that the financing statement was properly filed.

We agree with the plaintiff that it was entitled to partial summary judgment on the issue of liability as there are no issues of fact to be determined and no meritorious defenses (CPLR 3212 [b]; *Northway Mall Assocs. v Bernlee Realty Corp.,* 90 AD2d 739). We reject the defendants' contention that they perfected the plaintiff's security interest by merely mailing the financing statement. Mere mailing does not constitute "[p]resentation" to the filing officer pursuant to UCC 9-403 (1). We find that a financing statement must be received by the

filing officer before it is presented and that evidence of receipt is required.

UCC 9-403 (1) states that "[p]resentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes filing under this Article." The defendants erroneously equate "acceptance" with "receipt" and argue that receipt is not required because either presentation *or* receipt constitutes filing. The defendants confuse the filing officer's performance of duty, i.e., acceptance, with receipt of the document. Acceptance is not the equivalent of receipt. Acceptance is not necessary to filing while receipt is. "[T]he contemplation of the U.C.C. is that filing be effective regardless of whether the officer receiving the *controlling* documents makes the right gestures of *acceptance" (Matter of Flagstaff Food-Service Corp.,* 16 Bankr 132, 135; emphasis supplied). The *Flagstaff* rule reflects the proposition that the party presenting the financing statement shall not bear the risk that the filing officer will not properly perform his duty *(see, In re May Lee Indus.,* 380 F Supp 1, *affd* 501 F2d 1407). It is self-evident that the filing officer cannot carry out the duty to record or index a financing statement if the statement is not received.

Moreover, prior to adoption of UCC 9-403 (1) receipt was required. The New York annotations to the UCC indicate that the rule of UCC 9-403 (1) is directly in accord with New York law, citing *In re Labb* (42 F Supp 542). *In re Labb* is explicit on the issue, stating that a document is filed " 'when it is delivered to the proper officer, *and by him received,* to be kept on file' " *(In re Labb, supra,* at 543; emphasis supplied; *Presidents & Directors of Manhattan Co. v Laimbeer,* 105 NY 578). In addition, at least one other jurisdiction has identified receipt of the financing statement as the operative moment for perfection of a security interest *(see, In re Poteet v United Bank,* 5 Bankr 631, 635 ["receipt of the financing statement and the fee by the filing officer is 'filing' " of a financing statement under UCC 9-403 (1)]).

We reject the defendants' further contention that the presumption of mail delivery can satisfy the evidentiary requirement of receipt. The presumption is inadequate in two respects. First, in order to establish priorities the time as well as the fact of receipt must be established *(see, Matter of Mutual Bd. & Packaging Corp. v Oneida Natl. Bank & Trust Co.,* 342 F2d 294). The purpose of UCC 9-403 (1) is not only to absolve the secured party of responsibility for errors or omissions by the filing officer in matters such as indexing, but also " 'to

render certain the time when filing will be deemed to have occurred' " *(In re Poteet v United Bank, supra,* at 635, quoting *In re Brawn,* 6 UCC Rep Serv 1031, 1037). Filing occurs upon receipt, not mailing *(see, Security Discount Assocs. v Lynmar Homes Corp.,* 13 AD2d 389).

If the presumption of mail delivery were not deficient in this regard, it would nevertheless face a second obstacle to establishing receipt by the filing officer. "A letter shown to have been properly addressed, stamped and mailed is presumed to have been delivered in the due course of mail. The presumption is said to be based upon the probability that officers of the government will perform their duty" (Richardson, Evidence § 80, at 55 [Prince 10th ed]). A conflict of presumptions arises if a statement is not recorded or indexed but is presumed received. The necessary inference is that the filing officer failed to perform his or her duty, in clear conflict with the presumption of regularity, namely, that he did perform his duty. Thus, the presumption of delivery is in conflict with the presumption of regularity, and both should be disregarded (Richardson, Evidence § 94, at 70 [Prince 10th ed]).

Having concluded that mailing does not constitute filing under the UCC, it is clear that the defendants' duty to the plaintiff did not terminate upon mailing. The defendants were under an obligation to ascertain whether the mailed documents were received by the filing officer. Their failure to do so for a period of approximately one month, which resulted in the plaintiff's loss of its secured status in a bankruptcy proceeding, was so unreasonable as to constitute negligence as a matter of law *(see, Andre v Pomeroy,* 35 NY2d 361). Given the critical nature of lienholder status and priorities depending upon not only the day, but the hour of presentation and filing *(see, Security Discount Assocs. v Lynmar Homes Corp.,* 13 AD2d 389, *supra),* the defendants should have acted after sufficient time has elapsed for the documents to have been received, recorded and returned by the filing officer, to insure that those documents had indeed been received and recorded.

We have considered the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Spatt, JJ., concur.