In re Kirk D. ENOS, Debtor.

Bankruptcy No. 94–16508–WCH.

United States Bankruptcy Court,
D. Massachusetts.

July 27, 1995.

Harold B. Murphy, Trustee, Manify & King, Boston, MA.

Louis H. Steinhardt, Stoughton, MA, for Garry Wayne.

BENCH DECISION

WILLIAM C. HILLMAN, Bankruptcy Judge.

I must determine if Garry Wayne has properly perfected his security interest in assets of the debtor.

The facts of this matter can be briefly stated. The debtor granted a security interest in certain of his assets to Garry Wayne. It is uncontested that Garry Wayne's counsel caused a copy of the security agreement to be filed with the Town Clerk in Sharon, Massachusetts. Filing was also required to be made with the Massachusetts Secretary of State. M.G.L. c. 106 § 9–401.

As to the latter, I accept as uncontroverted that Garry Wayne's counsel mailed a copy of the security agreement, with the appropriate fee, to the Massachusetts Secretary of State. It is not disputed that no record of the filing appears on the indices at the Massachusetts Secretary of State, and that Wayne's counsel never received a receipt nor was his check cashed or returned.

Wayne contends that the fact of mailing is adequate to satisfy the tender rule of M.G.L. c. 106 § 9–403(1), which deems a filing to have been made upon presentation to the filing officer and tender of the proper fee, whether or not there is "acceptance" by that officer. I disagree. There is not a great amount of case law on the issue.

*In re Flagstaff Foodservice Corp.*, 16 B.R. 132 (Bankr.S.D.N.Y.1981) may not be completely in point. Judge Babitt held that the creditor's obtaining of a return receipt was sufficient to demonstrate that the financing statement had in fact been received at the Attleboro City Clerk's office. His actual conclusion is that no further proof is necessary to satisfy the tender rule; the secured party does not suffer if the clerk fails to index. *Id.* at 135. In the present case there is no return receipt.

Precisely in point is *Peoples National Bank v. Weiner*, 129 A.D.2d 782, 514 N.Y.S.2d 772 (1987). While the case was determined under New York law, the operative provisions of the Uniform Commercial Code are substantively identical to those in Massachusetts, including the dual filing requirement. I agree with the Appellate Division that the presumption of mail delivery cannot satisfy the presentation requirement of the statute. Something more, such as a return receipt, is necessary to demonstrate

tender. Anything less would have an significantly adverse effect on the notice system of the Uniform Commercial Code.

Since Garry Wayne has failed to demonstrate perfection of its security interest, the trustee's sale and the proceeds thereof are free from any claim to Garry Wayne to hold a perfected security interest.

An appropriate order will enter.