In re William A. WRIGHT and Diana L. Wright, Debtors.

**DAIRY STATE BANK, Appellant,**

v.

**CONSOLIDATED FARM SERVICE AGENCY, Appellee.**

No. 96–C–032–S.

United States District Court,
W.D. Wisconsin.

March 11, 1996.

Michael D. Schwartz, Schwartz, Wandling & Bergeson, P.A., Minneapolis, MN, for Plaintiff or Appellant.

Steven P. O'Connor, Assistant United States Attorney, Madison, WI, for Defendant or Appellee.

MEMORANDUM AND ORDER

SHABAZ, Chief Judge.

Appellant Dairy State Bank appeals from a final order of the Bankruptcy Court for the Western District of Wisconsin denying appellant's claim to priority in proceeds from the

sale of debtors' tractor. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

The following relevant facts were undisputed in the Bankruptcy Court.

Prior to April of 1994 appellee Consolidated Farm Service Agency held a perfected general security interest in all farm equipment and machinery of the debtors William and Diana Wright who operated a farm in Polk County, Wisconsin.

On April 6, 1994 appellant Dairy State Bank loaned $10,000 to William Wright which was intended to be used for the purchase of a 1977 John Deere tractor and was in fact so used. On April 6, 1994 William Wright executed a security agreement and financing statement in favor of Dairy State Bank. On April 7, 1994 Dairy State Bank prepared a check and mailed it together with the signed financing statement to the Polk County Register of Deeds. The financing statement, however, was never filed by the Polk County Register of Deeds nor was the check cashed. On May 6, September 3 and November 2, 1994 appellant refinanced the loan.

On December 6, 1994 the debtors filed a voluntary Chapter 7 bankruptcy petition. On December 13, 1994 the tractor was sold at auction for $13,750. On August 9, 1995 appellant filed a Motion to Clarify Priority of Security Interest wherein it claimed entitlement to priority in $4,940.76 of the tractor proceeds, the outstanding balance of its loan. On December 1, 1995 the Bankruptcy Court denied appellant's motion, ruling that its security interest in the tractor was not perfected and therefore subordinate to the appellee's security interest. The Bankruptcy Court also rejected appellant's argument that it is entitled to prevail under the doctrines of unjust enrichment and equitable subordination.

Appellant now appeals that decision.

## MEMORANDUM

The Bankruptcy Court's decision is based entirely on undisputed facts and therefore consists solely of legal conclusions which this Court reviews *de novo*.

*Priority Under the Wisconsin Commercial Code.*

█ Appellee, Consolidated Farm Services Agency, possessed a first priority perfected security interest in the debtors' equipment including the John Deere tractor which is the subject of this dispute. Accordingly, it is entitled to priority in the proceeds from the sale of the tractor pursuant to § 409.312(5)(a), Wis.Stat. unless appellant's April 6, 1994 loan qualifies for priority pursuant to § 409.312(4), Wis.Stat. The special priority of § 409.312(4) is available only if appellant acquired a purchase money security interest which it perfected within 20 days after the debtors received possession of the tractor.

For purposes of this appeal it is undisputed that appellant gave value to enable the debtors to acquire rights in the tractor thereby qualifying its interest as a purchase money security interest within the meaning of § 409.107, Wis.Stat.[1] Accordingly the sole issue is whether appellant's interest was "perfected at the time the debtor receive[d] possession of the collateral or within twenty days thereafter." Absent timely perfection appellant's interest is subordinate to appellee's pursuant to §§ 409.301(1)(a) and 409.312(5)(a), Wis.Stats.

The principal issue on appeal is whether appellant's action in mailing the signed financing statement and filing fee constituted filing and therefore perfection under the Wisconsin Statutes. The governing provision is § 409.403, Wis.Stat., which provides:

> Presentation for filing of a financing statement and tender of the filing fee constitutes filing under this chapter unless the filing officer refuses to accept the statement under s. 409.402(3m). Presentation for filing of a financing statement and ac-

---

1. Appellee does not contend that appellant's subsequent refinancing of debtors' loan destroyed its purchase money character. Accordingly, for the purpose of this appeal it remains a purchase money loan.

ceptance of the statement by the filing officer constitutes filing under this chapter. The specific issue is whether mailing constitutes "presentation for filing" within the meaning of § 409.403. This Court joins the Bankruptcy Court and the two other courts which have considered the issue under UCC provisions of New York and Massachusetts in holding that mailing alone does not constitute presentation.

The precise issue was addressed by a New York Appellate Division Court in *Peoples Nat. Bank of Rockland County v. Weiner,* 129 A.D.2d 782, 514 N.Y.S.2d 772, 13 UCC Rep.Serv.2d 1615 (1987). New York's form of UCC § 9–403(1) provides that "presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes filing under this Article." The Court held that only proof of actual receipt by the filing officer constituted presentation. In rejecting the contention that the presumption of mail delivery is sufficient to satisfy the presentation requirement the Court noted that such a presumption would be inappropriate in light of the purpose of filing to determine the precise date and time of priority. "The purpose of UCC 9–403(1) is not only to absolve the secured party of responsibility for errors or omissions by the filing officer in matters such as indexing, but also to render certain the time when filing will be deemed to have occurred." *Id.* at 784–85, 514 N.Y.S.2d 772.

The same result was reached by the United States Bankruptcy Court for the District of Massachusetts in *In re Enos,* 185 B.R. 388 (1995) which concluded that anything less than proof of actual delivery to the filing officer "would have a significant adverse affect on the notice system of the Uniform Commercial Code." *Id.* at 389.

There is little question that Wisconsin would apply its statute in the same fashion. Although the Wisconsin Supreme Court has not ruled on the exact issue presented, it provided its view of the general requirements for lien filing in *Boston Old Colony Ins. Co. v. International Rectifier Corp.,* 91 Wis.2d 813, 284 N.W.2d 93 (1979). In determining whether a notice of appeal was timely filed the Supreme Court conducted a review of similar issues under prior Wisconsin case law noting the following:

> Similarly, this Court has held that *filing* of chattel mortgages or lien claims was completed when the mortgage or claim was physically delivered to the town clerk.
>
> .    .    .    .    .
>
> Other jurisdictions including Oregon, Kansas and Michigan have interpreted the act of filing as requiring the physical delivery to and receipt by the appropriate public official.

*Id.* at 819, 284 N.W.2d 93 (citations omitted). Accordingly, an interpretation of § 409.403 requiring proof of actual delivery is consistent with Wisconsin's prior case law governing when a lien filing becomes effective.

Additionally, unlike the uniform version of § 9–403, Wisconsin's version directly implies that receipt is essential to presentation. Both sentences § 409.403(1) contemplate acceptance or rejection of the financing statement, a requirement consistent only with actual receipt.

Wisconsin Statute § 409.403 is designed to protect a secured creditor from filing errors committed by the filing officer and beyond the creditor's control. However, assuring actual delivery to the filing officer is within the creditor's control. A creditor can readily prove actual delivery by use of certified mail, monitoring of its own checks, or by requesting the return of a file stamped copy pursuant to § 409.407(1) and confirming receipt of the copy. Accordingly, there is no basis to extend the protections of § 409.403 to a creditor unable to establish actual delivery to the filing officer. Since appellant is unable to prove actual delivery, the Bankruptcy Court was correct in holding appellant's interest subordinate.

*Priority Under Equitable Doctrines*

Appellant also seeks to prevail under the doctrines of unjust enrichment and equitable subordination. Clearly, neither doctrine is applicable to a case such as this where a prior creditor has performed no affirmative act to mislead the subsequent creditor and detriment to the subsequent

creditor is caused by its own failure to comply with the filing requirements of the code.

Article 9 of the Uniform Commercial Code is a carefully crafted set of rules providing for certain determination of the rights of creditors competing for assets of a debtor. Article 9 depends upon the integrity of the filing system for its effectiveness. Under its provisions a creditor making a purchase money secured loan may obtain priority over prior creditors by filing a financing statement within twenty days after the asset is acquired by the debtor pursuant to § 409.312(4). Failure to follow this simple procedure results in failure to attain priority status.

If a purchase money lender who fails to timely file could overcome prior secured creditors through the doctrines of unjust enrichment or equitable subordination, § 409.312(4) would be rendered meaningless and the integrity of the filing system would be substantially undermined. Neither prior nor subsequent creditors could confidently determine priority in the debtors' assets by consulting the filings, and litigation over the applicability of equitable doctrines would replace the simple and inexpensive application of Article 9's priority rules. Imposing a cost upon the occasional careless creditor is clearly preferable to tainting the entire system with such uncertainty and expense. Accordingly, the Court rejects appellant's attempt to apply the doctrines of unjust enrichment and equitable subordination.

## CONCLUSION

A creditor has filed a financing statement pursuant to § 409.403, Wis.Stat. only upon actual delivery of the financing statement to the filing officer. Since appellant has failed to establish actual delivery it has not filed and is accordingly an unperfected secured creditor. Appellant, who was in no way misled by the prior perfected creditor, may not circumvent the filing requirement by asserting the equitable doctrines of unjust enrichment and equitable subordination. Accordingly, the decision of the Bankruptcy Court is affirmed.

### ORDER

IT IS ORDERED that the decision of the Bankruptcy Court granting priority to appellee in proceeds from the sale of debtors' John Deere tractor is AFFIRMED.