In re Daniel Dale ROSS, Debtor.

Gary D. BARNES, Trustee in Bankruptcy, Plaintiff,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.

Bankruptcy No. 95–42178.
Adv. No. 95–4154.

United States Bankruptcy Court, W.D. Missouri.

March 25, 1996.

Gary D. Barnes, Chapter 7 Trustee, Kansas City, MO.

Thomas J. Cox, Telisa L. Pankau, Kansas City, MO, for General Motors Acceptance Corporation.

## ORDER GRANTING TRUSTEE'S MOTION TO SET ASIDE TRANSFER AND DETERMINE VALIDITY, PRIORITY AND EXTENT OF LIEN

FRANK W. KOGER, Chief Judge.

This matter is before the Court on the complaint filed by Gary D. Barnes, the Chapter 7 Trustee, to set aside transfer and determine validity, priority and extent of lien.

### FACTS

Daniel Dale Ross, the debtor, entered into a retail installment contract with General Motors Acceptance Corporation (GMAC) on May 9, 1995, for the purchase of a 1993 Saturn SL2. Also on May 9, 1995, an Application for Missouri Title and License was issued for the automobile which included a lien notation in favor of GMAC.

On May 25, 1995, 16 days after Debtor received possession of the automobile, GMAC mailed the Application to the Missouri Department of Revenue. The Application was file stamped as received by the Department of Revenue on Tuesday, May 30, 1995, which was 21 days after the date of purchase, and within 90 days of the date of the Chapter 7 petition, which was filed on August 21, 1995.

Monday, May 29, 1995, was Memorial Day, which is a legal holiday.

On October 20, 1995, the Chapter 7 Trustee filed a Complaint to Set Aside Transfer and Determine Validity, Priority and Extent of Lien. The Trustee contends that GMAC's lien was not timely perfected and is avoidable as a preferential transfer under 11 U.S.C. § 547. A hearing was held on January 9, 1996. At the hearing, the Court on its own motion raised the question of what effect Memorial Day had on the 20–day time period prescribed by 11 U.S.C. § 547(c)(3)(B) and requested that the parties file memoranda addressing this issue. Both parties timely filed their briefs, the Court has independently researched the issues raised by the parties and by the Court, and the Court is now ready to rule.

## DISCUSSION

█ Debtor filed for relief under Chapter 7 on August 21, 1995. The Chapter 7 Trustee asserts that GMAC is not a secured creditor because GMAC failed to perfect its security interest within the 20–day period set forth in 11 U.S.C. § 547(c)(3)(B). GMAC first contends that it had 30 days under Missouri perfection law to perfect its interest in the car and avoid a preference. GMAC next argues that even if the perfection period is governed by the 20–day limitation of § 547(c)(3)(B) of the Bankruptcy Code, the fact that it became perfected on the twenty-first day does not preclude it from falling within the 20–day window since the twentieth day was Memorial Day, a legal holiday.

Section 547 of the Bankruptcy Code authorizes a trustee to avoid a preferential transfer. A transfer is deemed preferential and can be avoided if it is:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of the transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b)(1–5).

However, there are exceptions to the trustee's preference power. One exception is set forth in section 547(c)(3)(B). This section provides that a trustee may not avoid a transfer "that creates a security interest in property acquired by the debtor—that is perfected on or before 20 days after the debtor receives possession of such property." 11 U.S.C. § 547(c)(3)(B).

In *In re Beasley*, 183 B.R. 857 (Bankr. W.D.Mo.1995), this Court held that federal bankruptcy law, rather than state law, controls the length of time the lender has to perfect a purchase money security interest for the purpose of determining whether a lien was perfected prior to the 90–day preference period. In *Beasley*, the secured lender became perfected, at the earliest, more than 20 days after the debtor received possession of the automobile. This Court ruled that since the 20–day relation-back period of 11 U.S.C. § 547(c)(3)(B) overrides the 30–day relation-back period set forth in the Missouri Revised Statutes, the lender did not timely perfect its interest. Accordingly, this Court set aside the lender's lien as a voidable preference. Here, *Beasley* partially controls the outcome. The 20–day time period of § 547(c)(3)(B) of the Bankruptcy Code will govern this case.

█ In the instant case, the Debtor received possession of the automobile on May 9, 1995. Pursuant to 11 U.S.C. § 547(c)(3)(B), GMAC had 20 days from this date to perfect its interest and avoid the trustee's preference power. Because the twentieth day of GMAC's perfection period fell on Memorial Day, a legal holiday observed by the Missouri Department of Revenue, GMAC's Application was not file

stamped until May 30, 1995, 21 days after the Debtor received possession.

Federal Rule of Bankruptcy Procedure 9006(a) controls when a procedural statute of limitation terminates on a legal holiday. Pursuant to Rule 9006(a), when a "last day" deadline falls on a legal holiday, then that day shall not be included, and the deadline is extended to the next business day. Rule 9006(a) provides that: "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday. As used in this rule and in Rule 501(c), 'legal holiday' includes . . . Memorial Day."

The Advisory Committee Note to Rule 9006 reveals that Rule 9006 is an adaptation of Rule 6 of the Federal Rules of Civil Procedure. Federal R.Civ.P. § 6(a) governs the computation of time periods prescribed by federal laws. Rule 6(a) states that:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday. . . . As used in this rule and in Rule 77(c), "legal holiday" includes . . . Memorial Day.

The majority view among the courts is that the Rule 6 exclusion of terminal Saturdays, Sundays, and legal holidays is applicable to federal statutes of limitation that establish procedural, and not substantive or jurisdictional limitations. *Cardente v. Fleet Bank of Maine, Inc.,* 796 F.Supp. 603 (D.Me.1992); 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1163, p. 465 (1987). This conclusion is based on the liberal spirit of the federal rules and their quest to avoid "setting traps for the unwary" and that this spirit should be employed in construing statutes of limitations. 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1163 (1987).

The Trustee contends that Bankruptcy Rule 9006 does not apply to extend the 20–day relation-back period set forth in section 547(c)(3)(B). It is a well-established principle that the Rules of Bankruptcy Procedure "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075 (1982).

The trustee contends that § 547(c)(3)(B) is substantive in nature, and therefore the Rules of Bankruptcy Procedure cannot extend the 20–day perfection period. In order to resolve the issue, this Court must determine whether the 20–day perfection period established by § 547(c)(3)(B) is procedural or substantive. If it is merely procedural, then Rule 9006(a) would allow the 20 days to be extended to the twenty-first day, as argued by GMAC. If, however, the 20–day perfection period is a substantive element of § 547(c)(3)(B), then 28 U.S.C. § 2075 precludes its extension beyond 20 days.

■ The trustee relies on *In re Enterprise Fabricators, Inc.,* 36 B.R. 220 (Bankr. M.D.Tenn.1983), as support for its position. In this case, the court stated that Bankruptcy Rule 9006(a) may not be applied to extend the 90–day preference period set by § 547(b)(4) because this section establishes a substantive right in the trustee. *Accord, Research Group v. Kendall (In re Bergel ),* 185 B.R. 338 (9th Cir. BAP 1995). While this Court agrees that § 547(b)(4) establishes a substantive right that cannot be enlarged by Rule 9006(a), this finding is not dispositive of the issue at hand concerning the nature of the 20–day limitation period of § 547(c)(3)(B). In *Bernstein v. Gailey (In re Gailey, Inc.),* 119 B.R. 504 (Bankr.W.D.Pa. 1990), the court discussed the difference between substantive and procedural requirements: "[a] statute is 'substantive' in this context if it defines and regulates rights. It is 'procedural' if it neither impairs not enlarges such rights but merely prescribes a method for enforcing them or for obtaining redress for a grievance." *Id.* at 510 (citing *U.S. v. Kairys,* 782 F.2d 1374, 1381 (7th Cir.), *cert. denied,* 476 U.S. 1153, 106 S.Ct. 2258, 90 L.Ed.2d 703 (1986)).

Section 547(c)(3)(B) clearly defines and regulates the substantive rights of a secured party. It provides that if a secured party perfects its security interest on or before 20 days after the debtor receives possession, then it acquires the right of an affirmative defense against the trustee's preference power. This provision deals with the establishment of the right of a secured party to defend against a trustee's preference action,

and is not related to the procedural considerations regarding the actual assertion of the defense. Since § 547(c)(3)(B) deals with the substantive rights of a secured party, Rule 9006(a) cannot be applied to extend the 20–day perfection window.

■ GMAC next contends that it became perfected within the twenty day period because it mailed the Application to the Missouri Department of Revenue on May 25, 1995, 16 days after the debtor received possession of the car. Section 301.600.2 of the Missouri Revised Statutes provides that a lien on a motor vehicle is "perfected as of the time of its creation if the delivery of the aforesaid to the director of revenue is completed within [thirty] days thereafter, otherwise as of the time of the delivery." In the present case, the last act for perfection occurred upon the "delivery" of the Application to the director of revenue. The issue then is whether GMAC's action of mailing the Application constituted "delivery" under the Missouri Statutes.

■ GMAC contends that it completed delivery on May 25, 1995, the day it mailed the Application, and thereby became perfected on that date. However, under § 301.600.2 the Department of Revenue must actually receive the Application before it considers the delivery process to be complete. *See Ford Motor Credit Company v. Pedersen,* 575 S.W.2d 916 (Mo.Ct.App.1978). The court in *Ford Motor Credit Company* found that the time of perfection is determined by the date the Department of Revenue receives the application, and not the date of mailing. The court stated that "[the lien] was not perfected until ... the requisite documents were delivered to and received by the director of revenue." *Id.* at 919.

Similarly, the court in *In re Jackson,* 268 F.Supp. 434 (E.D.Mo.1967), regarded the date that the Department of Revenue received and validated the Application as the date of delivery, for purposes of determining when the secured party became perfected. The court stated that the legislative purpose in enacting section 301.600 was "to provide a simple system of perfecting liens which would protect lienholders holding security interests while at the same time affording adequate notice of the lien to the public, includ-

ing subsequent transferees and lienholders." *Id.* at 441.

A presumption that mail delivery is sufficient to satisfy the delivery requirement would be inappropriate in light of the purpose of filing to determine the precise date and time of priority. *See In re Wright,* 192 B.R. 946, 947 (W.D.Wis.1996); *Peoples Nat. Bank of Rockland County v. Weiner,* 129 A.D.2d 782, 514 N.Y.S.2d 772 (1987). In a priority contest between two or more secured parties that have simultaneously mailed their lien applications, it would be both impossible and impractical to determine which had mailed its lien application first. It is more sensible to resolve priority conflicts based on the date and time the lien applications are received by the appropriate agency.

Additionally, GMAC's contention that mailing constitutes delivery and therefore perfection is also inconsistent with the legislative purpose of § 301.600 to provide notice of the lien to the public. The court in *In re Enos,* 185 B.R. 388 (Bankr.D.Mass.1995), concluded that anything less than proof of actual delivery to the filing officer "would have a significant adverse [e]ffect on the notice system." *Id.* at 389. The public was not fairly put on notice of the GMAC's lien until the Application was received and filed by the director of revenue.

■ Under Missouri law GMAC would not have become perfected under § 301.600.2 until the Department of Revenue received the Application. The Court determines that for purposes of the 20–day period set forth in section 547(c)(3)(B) of the Bankruptcy Code, the date of perfection is the date that the appropriate authority receives the documents. In this case, GMAC became perfected on May 30, 1995, which was the date that the Department of Revenue received the Application for Missouri Title and License.

GMAC did not become perfected until the twenty-first day, clearly beyond the 20–day window provided by § 547(c)(3)(B). Bankruptcy Rule 9006(a) cannot extend the perfection deadline to the next business day following Memorial Day. Therefore, GMAC did not timely perfect its security interest in the automobile within the exception to preferential transfer. The Court will grant the

Trustee's complaint. GMAC's lien is set aside as void.

The Court determines that each party will be responsible for its own costs and expenses, including attorney's fees.

### CONCLUSION

Based on the above discussion, the Trustee's complaint to set aside the transfer and determine the validity, priority and extent of lien is GRANTED.

The foregoing Memorandum Order constitutes Findings of Fact and Conclusions of Law as required by Fed.R.Bankr.P. 7052.

So ordered.