**In re Linda L. JOHNSON, Debtor.**

**Bankruptcy No. 99–40213.**

United States Bankruptcy Court, W.D. Missouri.

April 20, 1999.

Kathryn R. Persley, Kansas City, MO, for debtor.

Richard V. Fink, Kansas City, MO, trustee.

## MEMORANDUM OPINION AND ORDER

JERRY W. VENTERS, Bankruptcy Judge.

This matter comes before the Court on the Trustee's Objection to Claim and Motion to Avoid Lien filed March 16, 1999. Linda L. Johnson ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on January 22, 1999, and The Loan Arranger, Inc., d/b/a Downtown Motors ("Downtown" or "Creditor") filed a proof of claim on January 15, 1999, claiming a security interest in a 1991 Ford Escort automobile VIN 1FAPP14J4MN258338. For the reasons stated herein, the Court will sustain Trustee's Objection to Claim and grant Trustee's Motion to Avoid Lien.

The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## FACTS

The facts of this case are undisputed. The Debtor entered into a retail installment contract with Downtown Motors for the purchase of a 1991 Ford Escort on October 31, 1998. The contract granted Downtown a security interest in the vehicle. Downtown maintains that it mailed the lien documents to the Missouri Department of Revenue ("MDR") on November 13, 1998, although it has produced no evidence to support this contention. We accept Downtown's declaration as true because the Trustee has not objected to it, and moreover, as we explain herein, the date on which lien documents are mailed to the MDR is irrelevant to determining the date of lien perfection. The lien documents were received by MDR on Monday, November 23, 1998, twenty-three (23) days after the purchase of the vehicle and sixty (60) days before the Debtor's petition in bankruptcy, filed on January 22, 1999.

## DISCUSSION

The issues in this case are also relatively straightforward. The Trustee contends that Downtown's lien was not perfected until November 23, 1998, the date MDR received the lien documents, and that pursuant to § 547 of the Bankruptcy Code he may avoid the lien. Downtown counters that the date of perfection should be November 13, the date the lien documents were mailed, which would place it within the 20-day enabling-loan exception of § 547(c)(3)(B). Downtown alternatively argues that even if perfection was considered to occur when MDR received the documents, because the twenty (20) day "grace-period" provided by § 547(c) expired on a Saturday (November 20) and MDR received the documents the first business day after the weekend (Monday, November 23), Downtown timely perfected its security interest. Downtown bases its argument on Federal Rule of Civil Procedure 6 and Missouri Supreme Court Rule 44.01, which provide that Saturdays and Sundays are not to be included in computing statutory time limits.[1]

These issues have been largely dealt with by this Court's decisions in *In re Beasley*, 183 B.R. 857 (Bankr.W.D.Mo. 1995) aff'd. *Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211, 118 S.Ct. 651, 139 L.Ed.2d 571 (1998), and *In re Ross*, 193 B.R. 902 (Bankr.W.D.Mo.1996). For the sake of brevity, we limit our discussion to the relevant statutory law and the holdings in these cases.

■ Section 547 of the Bankruptcy Code authorizes a trustee to avoid preferential transfers. The granting of a security interest in property of the debtor is considered a transfer and is deemed preferential if it is:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made;

    and(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547.

Section 547(3)(c)(B) provides a limited exception to the 90-day preference period: "(c) The trustee may not avoid under this section a transfer—(3) that creates a security interest in property acquired by the debtor—(B) that is perfected on or before 20 days after the debtor receives possession of such property." 11 U.S.C. § 547(3)(c)(B).

In *In re Beasley*, the Court held that the 20–day relation back period of 11 U.S.C. § 547(c)(3)(B) preempts the 30-day relation-back period provided by Missouri law, § 301.600.2 R.S.Mo. (1994). The Court further clarified the holding of *In re Beasley* in *In re Ross*, stating that the 20-day perfection period in § 547(c)(3)(B) is substantive in nature and therefore unaffected by weekends or holidays; the period starts

---

1. We limit our discussion to Downtown's first two arguments because Downtown's third argument, that it was unable to complete the steps necessary for perfection because the Debtor failed to deliver her registration and title application to MDR, is without evidentiary support, and more significantly, irrelevant.

Even if the Debtor had properly registered the vehicle, it would not change the fact that Downtown failed to perfect its lien within twenty days of purchase, nor could Debtor's failure to properly register the vehicle be considered the cause of Downtown's delay.

running on the day of purchase and ends exactly 20 calendar days later. *In re Ross,* 193 B.R. at 905. This is in contrast to procedural time limits which take into account weekends and holidays pursuant to Federal Rule of Civil Procedure 6 and Bankruptcy Rule 9006 (applying FRCP 6 to bankruptcy proceedings). *Id.*

Additionally, in *In re Ross* we addressed the question of whether perfection occurs on the date lien documents are mailed to MDR or on the date MDR receives the documents. *Id.* at 906. Based on our examination of Missouri case law, which indicates that the time of perfection should be considered the time MDR actually receives the application,[2] we determined that for purposes of § 547(c)(3)(B), "the date of perfection is the date that the appropriate authority receives the documents." *Id.*

■ As a result of our holdings in *In re Beasley* and *In re Ross,* we must reject both of Downtown's arguments. First, Downtown's contention that Saturday and Sunday should not be included in the computation of time under § 547(c)(3)(B), i.e. that the time limit is procedural, squarely conflicts with our holding in *In re Ross.* Inconvenient as it may be, the lien documents needed to be received by MDR on the last business day before the time limit expired, which would have been Friday, November 19.

■ Second, the Court is not swayed by Downtown's argument that the date of mailing determines the time of perfection and we reaffirm our holding in *In re Ross* that it is the date of delivery rather than the date of mailing that controls. Downtown makes too much out of the language in *Williams v. McGill,* 705 S.W.2d 636 (Mo.Ct.App.1986), that "implied" that the date of mailing completes all steps to per-

fection. *Id.* at 638–39. In that case, the court's consideration of the perfection issue was tied to the unusual circumstances and relationship between the plaintiff and defendant. It is likely that the *Williams* court placed the date of perfection on the earlier, mailing date only because the defendant's actions were the direct cause of the plaintiff's delayed filing. Moreover, we find *Ford Motor Credit Company v. Pedersen,* 575 S.W.2d 916, 919 (Mo.Ct.App. 1978) and *In re Jackson,* 268 F.Supp. 434 (E.D.Mo.1967) (both cited in *In re Ross* at 906), much more direct and more persuasive statements of law on the subject of when delivery is deemed to occur under Missouri statute § 301.600.2.

For the foregoing reasons, it is

**ORDERED** that the Trustee's Objection to The Loan Arranger, Inc.'s secured proof of claim is hereby **SUSTAINED.** It is

**FURTHER ORDERED** that the Trustee's Motion to Avoid Lien of The Loan Arranger, Inc., on the 1991 Ford Escort automobile, VIN 1FAPP14J4MN258338, is hereby **GRANTED,** and the lien of The Loan Arranger, Inc., is hereby **AVOIDED.** It is

**FURTHER ORDERED** that The Loan Arranger, Inc., immediately make the 1991 Ford Escort automobile available to the Trustee for appropriate disposition.

**SO ORDERED.**

---

2. *See Ford Motor Credit Company v. Pedersen,* 575 S.W.2d 916, 919 (Mo.Ct.App.1978) ("[the lien] was not perfected until ... the requisite documents were delivered to and received by the director of revenue."). *See also, In re Jackson,* 268 F.Supp. 434, 441 (E.D.Mo.1967) (stating that purpose of § 301.600 is "to pro- vide a simple system of perfecting liens which would protect lienholders holding security interests while at the same time affording adequate notice of the lien to the public ..."). Allowing the date of perfection to be determined by the date of mailing would defeat the purposes of this statute.