**In re Paul R. HORNER and Eunice L. Horner, Debtors.**

**Thomas H. Fluharty, Trustee, Plaintiffs,**

**v.**

**Citizens National Bank, Defendants.**

**Bankruptcy No. 00–30112.**
**Adversary No. 00–3054.**

United States Bankruptcy Court, N.D. West Virginia, Wheeling Division.

May 18, 2000.

Thomas Fluharty, Clarksburg, WV, for plaintiffs.

Eric S. Black, Berkeley Springs, WV, for defendants.

William A. O'Brien, Martinsburg, WV, for debtors.

### MEMORANDUM OPINION AND ORDER

L. EDWARD FRIEND, II, Bankruptcy Judge.

This matter is before the Court pursuant to the Defendant's Motion For Summary Judgment. The Court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this District. The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (K).

### I. FACTS

On November 23, 1999, the Debtor, Paul R. Homer, and the Defendant, Citizens National Bank ("Bank"), entered into an agreement in which the Bank financed the Debtor's purchase of a 1990 Dodge Ram Truck.[1] The Bank loaned the Debtor $3,000.00 and took a security interest in the truck as collateral for the loan.

On November 29, 1999, the Bank drafted a check, made payable to the Division of Motor Vehicles of West Virginia ("DMV"), for the payment of the $35.00 fee required to record its lien on the truck title. The Bank then mailed the check and an application for recordation of lien to the DMV, but the exact date the check and application were mailed by the Bank is unclear from the record before the Court. In addition, it is unclear when the DMV received said check and application. However, documents provided by the Bank show that the DMV negotiated the check on December 3, 1999, and the Bank paid the check on December 6, 1999. Therefore, it is beyond dispute that the DMV received the appropriate documents required for lien recordation sometime between November 29, 1999, and December 3, 1999. Finally, the Bank's lien was noted on the truck title on January 14, 2000.

On January 20, 2000, the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. Subsequent to the filing of the petition, the trustee in bankruptcy, Thomas H. Fluharty, instituted this adversary proceeding in which he alleged that the Bank's lien on the truck was invalid because it was not perfected within the twenty days provided for under 11 U.S.C. § 547(c)(3)(B). The Bank answered and then filed the Motion for Summary Judgment which is the subject of this opinion.

---

1. The security agreement between the parties is actually dated September 13, 1999. However, on November 23, 1999, the parties altered the agreement to reflect a substitution of the Dodge Truck as collateral for the loan.

## II. DISCUSSION

A debtor's prepetition transfer is avoidable as a preference if such transfer results in a creditor receiving more than it would in a liquidation and the transfer is made: 1) to or for the benefit of a creditor; 2) for or on account of an antecedent debt; 3) while the debtor was insolvent; and 4) to a non-insider on or within ninety days of the filing of the bankruptcy petition.[2] *See* 11 U.S.C. § 547(b).

■ In the present case, it is undisputed that the prima facie elements of a preference have been established. The Bank, however, asserts that it is entitled to utilize the enabling loan exception contained in 11 U.S.C. § 547(c)(3)(B). Under the "enabling loan" exception, purchase money security interests are excepted from avoidance if the creditor demonstrates that the transfer of the security interest was "perfected on or before 20 days after the debtor receives possession of such property."[3] 11 U.S.C. § 547(c)(3)(B). For purposes of section 547 and the enabling loan exception, an interest is perfected when the secured party has completed all the steps necessary under state law to perfect its interest. *See Fidelity Financial Serv., Inc. v. Fink*, 522 U.S. 211, 212, 118 S.Ct. 651, 139 L.Ed.2d 571 (1998). Therefore, even though Federal law mandates that a creditor must perfect its security interest within twenty days of the debtor receiving possession of the subject property, it is state law that determines whether the interest has actually been perfected. *Id.* at 213 n. 1, 118 S.Ct. 651. In this case, it is West Virginia law that controls whether the Bank properly perfected its security interest within the twenty days prescribed by section 547(c)(3)(B).

■ West Virginia Code § 17A–4A–3(a) provides that "[a] certificate of title, when issued by the department showing a lien or encumbrance, shall be deemed *from and after the filing* with the department of the application therefor adequate notice to … creditors and purchasers that a lien against the vehicle exists…." W.Va.Code § 17A–4–3(a) (1999) (emphasis supplied). Although there is a dearth of West Virginia case law which interprets this statute, the majority of courts which have interpreted similar language have concluded that the language of the statute establishes that the respective legislatures intended an interest to be perfected upon *delivery* of the application to the appropriate authorities. *See Hendon v. GMAC (In re B & B Utilities, Inc.)*, 208 B.R. 417, 422 (Bankr.E.D.Tenn.1997); *Barnes v. GMAC (In re Ross)*, 193 B.R. 902, 906 (Bankr. W.D.Mo.1996); *Pongetti v. GMAC (In re Locklin)*, 151 B.R. 384, 387 (Bankr. N.D.Miss.1992); *Frank v. Second Nat'l Bank (In re Gilbert)*, 82 B.R. 456, 461 (Bankr.E.D.Mich.1988); *Remes v. Ford Motor Credit Co. (In re Churchwell)*, 80 B.R. 855, 860 n. 7 (Bankr.W.D.Mich.1987); *In re Farnham*, 57 B.R. 241, 244 (Bankr. D.Vt.1986) (emphasis supplied). After careful review of these cases, as well as the relevant language of the West Virginia lien statute, this Court agrees with the reasoning of those courts and, therefore, concludes that West Virginia has a "delivery" lien statute and not an "indication" lien statute. *See Farnham*, 57 B.R. at 245–48 (discussing the three types of lien recordation statutes). More specifically, the Court finds that West Virginia Code § 17A–4A–3(a) provides that a security interest in an automobile is perfected on the date the creditor *files* the lien application with the DMV, and not on the date that the DMV actually indicates the lien on the

---

2. In this case, the transfer at issue is the perfection of the Bank's security interest in the Debtor's vehicle. For purposes of 11 U.S.C. § 547, the perfection of a security interest is a transfer subject to avoidance. *See* 11 U.S.C. § 101(54).

3. Although the trustee bears the burden of establishing the prima facie elements of a preference under section 547(b), the transferee must establish the necessary elements of the enabling loan exception. *See* 11 U.S.C. § 547(g).

title. Furthermore, filing means the date that the DMV actually receives the application and not the date when the creditor mails it. *See Barnes*, 193 B.R. at 906.

■ Applying the above holding to the facts of this case, the Court finds that the Bank perfected its security interest within the twenty days provided for in 11 U.S.C. § 547(c)(3)(B). The security interest in the vehicle was created by agreement of the parties on November 23, 1999. Thus, the Bank had twenty days, or until December 13, 1999, in which to perfect its security interest in the Debtors' vehicle. On November 29, 1999, the Bank drafted a check for $35.00 for payment of the lien recording fee. The check was negotiated by the DMV on December 3, 1999, and paid by the Bank on December 6, 1999. This chronology of events makes it clear that the DMV received the Bank's application prior to the expiration of the twenty day period provided for in section 547(c)(3)(B). Therefore, under West Virginia law the Bank had taken all steps necessary to perfect its security interest and its lien remains valid. Moreover, it is of no consequence that the DMV did not note the lien on the title until January 14, 2000. The lien is deemed to have been perfected on the date the DMV received the Bank's application, and from the evidence provided by the parties it is clear that the DMV received the Bank's application sometime between November 29, 1999, and December 3, 1999.

### CONCLUSION

For all of the foregoing reasons it is hereby **ADJUDGED** and **ORDERED** that Citizens National Bank has satisfied the elements of the enabling loan exception and, therefore, its lien on the Debtors' 1990 Dodge Ram Truck remains intact.

The Clerk is directed to transmit copies of this Order to the parties in interest.